356

Swanton, Appellee, *v.* Stringer, Admr., et al., Appellants.

[Cite as Swanton v. Stringer (1975), 42 Ohio St. 2d 356.]

(No. 74-547—Decided May 28, 1975.)

*Messrs. E. S. Gallon & Associates* and *Mr. David M. Deutsch,* for appellee.

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. David L. Hall,* for appellant.

CELEBREZZE, J. Appellant argues that the Court of Common Pleas had no jurisdiction to review the determination of the Industrial Commission, since that determination was a denial of an occupational disease claim not subject to appeal pursuant to R. C. 4123.519.

In addition, appellant argues that even if the claim presented was an injury claim, the denial of which is properly appealable pursuant to R. C. 4123.519, the evidence presented (especially Dr. Schuster's answer to a hypothetical question) was insufficient to support a direct causal relationship between the accident and the injury complained of.

R. C. 4123.519, in pertinent part, provides:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted * * *."

In paragraph three of the syllabus in *Szekely* v. *Young* (1963), 174 Ohio St. 213, this court determined that:

"There is no right of appeal to the Common Pleas Court with respect to an occupational disease claim under the Workmen's Compensation Statutes."

Appellant urges that the cause before us is such an occupational disease claim which cannot be appealed. However, the claim was denied because the "disability is not the result of an injury." The reasoning of the deputy administrator in reaching his decision is not apparent from his order, but the order is consonant with denial of an injury claim. See *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139.

The assertion that appellee apparently filed an amended claim in order to qualify for participation because of an occupational disease is not pertinent to the present appeal which was taken from the denial of the first claim.

In the trial court, the jury was waived, and the court, upon consideration of the evidence, found that:

"* * * [T]he plaintiff sustained an injury on or about the 2nd day of February, 1968 when a quantity of debris, which had accumulated from the operation of a grinding machine, was expelled from the machinery into the face and about the person of the plaintiff when he started the equipment to begin his day's work. That at that time and place the plaintiff was in the course of his employment and that said incident aggravated plaintiff's pulmonary emphysema which physical condition had existed for some time prior to the incident of February 2, 1968.

"The court concludes from the foregoing facts that the plaintiff is entitled to participate in the state of Ohio Workmen's Compensation Fund."

The Court of Appeals affirmed, finding the evidence adduced in the trial court sufficient in law and in fact to support the decision.

The trial in the Court of Common Pleas is a trial *de novo*. *State, ex rel. Federated Department Stores,* v. *Brown* (1956), 165 Ohio St. 521. If the evidence before that court is sufficient to support the result reached this court will not substitute its judgment.

R. C. 4123.01(C) provides that: "'Injury' includes any accident whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

There is evidence in the record which indicates that, at the time of the injury, appellee was engaging in normal conduct in the course of his employment; that he turned on his machine and a cloud of dust was generated which was unforeseen, unexpected and unusual in character. *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292, comprehends participation in the Workmen's Compensation Fund by the injured workman in such a situation. See, also, *Hearing* v. *Wylie* (1962), 173 Ohio St. 221.

In a case such as the one before us, the issue of proximate cause becomes crucial. The question whether the disability was directly or proximately caused by the injury

complained of is complicated since the disability results from aggravation of a pre-existing disease. That complication has caused the court to require evidence, as to proximate cause, to be presented by a qualified medical practitioner. *Senvisky* v. *Republic Steel Corp.* (1959), 168 Ohio St. 523; *Aiken* v. *Indus. Comm.* (1944), 143 Ohio St. 113; *Gwaltney* v. *General Motors Corp.* (1940), 137 Ohio St. 354; *Weaver* v. *Indus. Comm.* (1932), 125 Ohio St. 465.

In the cause before us, Dr. Schuster provided the only medical testimony. Dr. Schuster, in answer to a proper hypothetical question based upon the evidence (see *Senvisky, supra,* paragraph three of the syllabus), testified that:

"In my opinion this man had, according to the previous examination, severe and far advanced obstructive lung disease * * * any acute exposure to a significant amount of dust or irritating odors would substantially aggravate this pre-existing condition, therefore, I feel that this might be, figuratively speaking, the straw that broke the camel's back by aggravation of the pre-existing condition. * * *"

That testimony, although not couched in legally precise language, does support a finding by the trial court that the incident complained of proximately caused the aggravation of the pre-existing disease which resulted in disability to the appellee.*

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

---

*Appellant argues that *Dillow* v. *Young* (1966), 6 Ohio St. 2d 221, should control. There, the doctor gave his opinion upon hypothetical questioning without exhibiting knowledge of the physical properties of "Garb-O," a spray disinfectant, which allegedly was inhaled and aggravated a pre-existing condition of pulmonary emphysema. The court decided that the testimony was inadmissible. In the cause before us, evidence was presented that the dust contained stainless steel, steel, various metal dust and other atmospheric carrying materials. That evidence was included in the hypothetical question which Dr. Schuster answered; the ruling in *Dillow* is satisfied by its inclusion.