THE STATE, EX REL. DOVER CORP., OPW DIVISION, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 83AP-268—Decided January 5, 1984.)

*Messrs. Dinsmore & Shohl* and *Ms. Rebecca Hanner White,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Gerald H. Waterman* and *Mr. Lee M. Smith,* for respondents.

NORRIS, J. Relator seeks a writ of mandamus directing the Industrial Commission to vacate its order denying relator, a self-insured employer, reimbursement of workers' compensation benefits paid to claimant Raymond Martin. Relator maintains that R.C. 4123.343 places the commission under a clear legal duty to pay the reimbursement.

On August 4, 1980, Martin injured his back while employed by relator. His claim for workers' compensation was allowed and relator paid temporary total disability benefits. Martin then apparently completed a rehabilitation program designed by the Industrial Commission's rehabilitation division and relator rehired him at a job requiring lighter duties than had his earlier position. Several weeks later, Martin apparently re-injured his back, and relator resumed temporary total payments.

Relator's application for handicapped reimbursement was denied by the Industrial Commission. The basis of the commission's order was "evidence in file and/or the evidence adduced at the hearing," and the staff hearing officer's order which had denied reimbursement for the reason that "relief under 4123.343 (25)[*sic*] is not applicable in this situation."

Unfortunately, the orders are of the type that leave to speculation the commission's factual findings and legal reasoning, and this infirmity is, in and of itself, a basis for granting a measure of relief by mandamus. See *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, at 483.

We recognize, however, that such relief could be of limited value to relator, in the absence of our addressing the merits of the arguments raised by the parties. The statute in question (R.C. 4123.343) reads, in pertinent part, as follows:

"(A) As used in this section, 'handicapped employee' means an employee who is afflicted with * * * any physical

* * * impairment * * * due to an injury * * * of such character that the impairment constitutes a handicap in obtaining employment or would constitute a handicap in obtaining reemployment if the employee should become unemployed and whose handicap is due to any of the following * * * conditions:

"* * *

"(25) Disability with respect to which an individual has completed a rehabilitation program conducted pursuant to sections 4121.61 to 4121.69 of the Revised Code.

"(B) Under the circumstances set forth in this section all or such portion as the commission shall determine of the compensation and benefits paid in any claim arising hereafter shall be charged to and paid from the statutory surplus fund * * *. If the employer is a self-insurer, the proportion of such costs * * * charged to such statutory surplus fund * * * shall be by way of * * * reimbursement to the self-insurer * * *.

"(C) Any employer who advises the industrial commission prior to the occurrence of an injury * * * that it has in its employ a handicapped employee as defined in this section shall be entitled, in the event such a person is injured, to a determination hereunder.* * *

"* * *

"(D) The circumstances under and the manner in which such apportionment shall be made are:

"(1) Whenever a handicapped employee as defined in this section is injured or disabled or dies as the result of an injury or occupational disease sustained in the course of and arising out of his employment in this state and the industrial commission awards compensation therefor and when it appears to the satisfaction of the industrial commission that the injury or occupational disease or the death resulting therefrom would not have occurred but for the pre-existing physical or mental impairment of such handicapped employee, all compensation and benefits payable on account of such disability or death shall be paid from such surplus fund.

"(2) Whenever a handicapped employee as defined in this section is injured or disabled or dies as a result of an injury or occupational disease and the commission finds that said injury or occupational disease would have been sustained or suffered without regard to the employee's pre-existing impairment but that the resulting disability or death was caused at least in part through aggravation of such employee's pre-existing disability, the commission shall determine in a manner which is equitable and reasonable and based upon medical evidence the amount of disability or proportion of the cost of the death award which is attributable to the employee's pre-existing disability and the amount so found shall be charged to such statutory surplus fund."

Relator's position is summarized in these excerpts from its brief:

"* * * Mr. Martin was injured in August 1980. He underwent rehabilitation, through which a return to work was negotiated with relator. The job negotiated and to which Mr. Martin returned was a light duty job, in contrast to his previous duties of heavy manual labor. But despite placement on this light duty work, Mr. Martin's back condition was aggravated and exacerbated. This aggravation of his pre-existing condition resulted in Mr. Martin's becoming temporarily and totally disabled. * * *

"Relator does not contend that any specific catastrophe or accident befell Mr. Martin on his job. It does not allege that any particular incident resulted in the exacerbation of claimant's back condition. Nor does relator suggest that Mr. Martin suffered injury to any other part of his body which injury aggravated his back. What relator does suggest is that a new event or separate injury is unnecessary for relief under § 4123.343. Instead, when an employee's negotiated return to light duty work increases the pre-existing

disability, this reinjury of the prior condition qualified the employer for reimbursement."

Counsel for the commission, on the other hand, contends that, where the handicap is a prior disability with respect to which the claimant has completed a rehabilitation program, R.C. 4123.343 contemplates that a second compensable injury must occur before a self-insured employer is entitled to reimbursement.

In viewing the statute as a whole and applying it to the circumstances of this case (as best that can be divined from the commission file), we are directed by the General Assembly to construe it "liberally to the end that employers shall be encouraged to employ and retain in their employment handicapped employees." R.C. 4123.343.

This much of the General Assembly's intent is clear from the language of the statute—employers are to be provided a financial inducement to hire handicapped persons, by relieving employers of the risk that they will have to pay claim costs attributable to the handicaps, should the handicapped employees be injured while in their employment. To that extent, then, the statute is an exception to the general rule of workers' compensation law that employers take their workers as they find them. See *Hamilton* v. *Keller* (1967), 11 Ohio App. 2d 121 [40 O.O.2d 289].

The conclusion is inescapable that the statute requires a second compensable "injury" to trigger the reimbursement provision of R.C. 4123.343 (D)(1), relieving a self-insured employer from paying any compensation. If, on the other hand, as the result of a work-related occurrence the claimant's pre-existing disabling condition merely continues or reoccurs at the same level of intensity, there has been no new "injury" within the contemplation of the statute, and the surplus fund payment provisions of the statute are not triggered.

If the result of the occurrence is that the second injury is not of a different type but, rather, is a re-injury which is itself compensable since the pre-existing disability is substantially aggravated by the re-injury to the extent that it is increased [see *Swanton* v. *Stringer* (1975), 42 Ohio St. 2d 356 (71 O.O.2d 325); *McKee* v. *Electric Auto-Lite Co.* (1958), 168 Ohio St. 77 (5 O.O.2d 345)], then, under R.C. 4123.343(D)(1), the self-insured employer is still entitled to reimbursement for the entire cost of benefits even though part of the cost may be attributable to the pre-existing disability for which the employer originally had an obligation to pay compensation. The statute makes no distinction between an employer who hires a handicapped employee for the first time, and one who rehires such a person. We also note that under either of the alternatives posed by R.C. 4123.343 (D)(1) and (2), the employer is relieved of the cost of the claim attributable to the pre-existing disability.

We are not persuaded by relator's argument that a writ of mandamus should issue on the basis that assurances of commission employees, that relator would be reimbursed, should estop the commission from denying reimbursement, in view of relator's failure to establish that it relied upon those assurances to its detriment.

Although the position of counsel for the commission, as presented to us in this action, is for the most part consistent with our view of the proper application of the statute to the circumstances of this case, and relator's position appears to be somewhat internally inconsistent as it relates to our view, we are unable to ascertain from the file what facts were relied upon by the commission or what interpretation of the statute was followed by the commission at the time of its order.

Accordingly, we grant a writ of mandamus directing the Industrial Commission to vacate its order denying relator reimbursement, to conduct proceedings which will enable it to make the determinations required by this opinion and act upon relator's application for reimburse-

ment, and to comply with the Supreme Court's mandate in *State, ex rel. Mitchell, v. Robbins & Myers, Inc., supra.*

*Writ granted.*

STRAUSBAUGH and MOYER, JJ., concur.