STARCHER, APPELLANT, *v.* CHRYSLER CORPORATION ET AL., APPELLEES.

58

(No. 11062—Decided February 16, 1984.)

*Mr. Ben Sheerer* and *Ms. Elizabeth Reilly,* for appellant.

*Ms. Deborah Sesek* and *Mr. Timothy Campbell,* for appellee Chrysler Corp.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Robert Meeker,* for appellees Ohio Bureau of Employment Services and Industrial Commission of Ohio.

CORTS, J. On or about June 6, 1979, plaintiff-appellant, Robert Starcher, slipped on oil on the floor at defendant-appellee Chrysler Corporation's Twinsburg plant, and fell on his right hip and buttock. He filed for workers' compensation benefits on July 3, 1979, and his claim was subsequently allowed for "injury to low back." Thereafter, on October 8, 1980, plaintiff filed for further allowance for lumbosacral myositis and aggravation of spondylolisthesis. On December 19, 1980, the claim was allowed for lumbosacral myositis but disallowed for the aggravation. Plaintiff appealed, and the regional board of review affirmed the December finding on April 21, 1981. Further appeal to the Industrial Commission was refused on July 7, 1981.

Plaintiff timely filed his notice of appeal to the Summit County Court of Common Pleas, pursuant to R.C. 4123.519, on August 3, 1981, and duly filed his petition. The gravamen of the petition filed is that the order of the Industrial Commission should be reversed "to the extent that aggravation of spondylolisthesis was denied" and that the court should find that plaintiff is entitled to receive workers' compensation benefits for aggravation of spondylolisthesis. The matter came to trial before a jury on January 5, 1983. In opening statement to the jury, counsel for Chrysler Corporation stated that plaintiff had already received substantial compensation. When this reference to compensation was objected to, the court instructed the jury to base its decision on the evidence only and not on the statement of counsel.

A verdict was returned by the jury that plaintiff was not entitled to participate in the workers' compensation fund for aggravation of a pre-existing condition. Judgment was entered on the jury verdict. Appeal has been timely prosecuted to this court.

The assignments of error are as follows:

"1(A). Defendant's argument that plaintiff had already received 'substantial compensation,' without a court instruction to disregard, was prejudicial to plaintiff, especially when

"1(B). coupled with a jury charge that plaintiff had lost his cause before the industrial commission.

"2. Repeated instructions requiring that plaintiff prove a 'substantial' aggravation of his pre-existing spinal condition place[d] an undue and improper burden upon plaintiff and * * * [were] prejudicially erroneous."

Considering first the second assignment of error, this court finds that the instructions of the court to the jury were in error and that such error was prejudicial to plaintiff's case.

The court in charging the jury employed the phrase "substantial aggravation" ten times in instructing the jury on the degree of aggravation which must be shown before the jury could find for plaintiff. The burden of proof in this case was upon the plaintiff to prove, by a preponderance of the evidence, that he

sustained an aggravation to a pre-existing injury as a result of a fall on Chrysler Corporation's premises. Nowhere in the law of Ohio is the requirement that such an aggravation be proved to be a "substantial" aggravation.[1]

This is demonstrated by cases on the subject. That legal premise is well-stated in the case of *Hamilton* v. *Keller* (1967), 11 Ohio App. 2d 121 [40 O.O.2d 289], at pages 127-128, where the court states:

"* * * Every workman brings with him to his employment certain infirmities. The employer takes an employee as he finds him and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person. If that injury is the proximate cause of the death or disability for which compensation is sought, the previous physical condition is unimportant and recovery may be had independently of the pre-existing weakness or disease. 99 Corpus Juris Secundum 589, Workmen's Compensation, Section 170."

The Ohio Supreme Court in the case of *Senvisky* v. *Truscon Steel Division of the Republic Steel Corp.* (1959), 168 Ohio St. 523, at page 529 [7 O.O.2d 390], and in the syllabus of the case of *State, ex rel. Republic Rubber Division, Lee Tire & Rubber Corp.*, v. *Morse* (1952), 157 Ohio St. 288 [47 O.O. 176], stated the proposition as follows:

"Where a workman protected by the Workmen's Compensation Act receives an injury in the course of and arising out of his employment which injury directly causes his death or aggravates a pre-existing diseased condition and his death is thereby accelerated, his dependents, as designated by Section 1465-82, General Code [R.C.

4123.59], are entitled to the compensation provided for in such section."

In the case of *Swanton* v. *Stringer* (1975), 42 Ohio St. 2d 356 [71 O.O.2d 325], the court held in paragraph 1a of the syllabus:

"A disabling condition, resulting from a pre-existing disease and claimed to have been accelerated by an injury in the course of and arising out of employment, is compensable under the Workmen's Compensation Act, where it is established that such disability was accelerated by a substantial period of time as a direct and proximate result of such injury."

In that case, the court was called upon to consider the propriety of a witness' answer to a hypothetical question. The expert witness testified, at page 360, as follows:

" 'In my opinion this man had, according to the previous examination, severe and far advanced obstructive lung disease * * * any acute exposure to a significant amount of dust or irritating odors would substantially aggravate this pre-existing condition, therefore, I feel that this might be, figuratively speaking, the straw that broke the camel's back by aggravation of the pre-existing condition. * * *'

"That testimony, *although not couched in legally precise language*, does support a finding by the trial court that the incident complained of proximately caused the *aggravation* of the pre-existing disease which resulted in disability to the appellee." (Emphasis added.)

The court in that case was speaking to the correctness of the hypothetical question and the answer given to it. The witness used the term "substantial aggravation." In that case, that may have been the quality of the injury. The words

---

[1] At 3 Ohio Jury Instructions (1973) 439, Workmen's Compensation, Section 365.15, and others, an instruction similar to the one

given in this case is found. No citation or authority is given in support of this instruction.

used by a witness in an answer to a question do not have the force of establishing law, unless those words are used in the court's finding. Such was not the case here, and as a matter of fact, the court referred to testimony which was "not couched in legally precise language" contained in the answer. This court concludes that the imprecise language the court had reference to was the very language referred to above. It is significant that the last paragraph above refers to "aggravation" without any modifying words.

Cases cited by appellee Chrysler Corporation hold, *e.g.,* that the aggravation in the case of *Ketchikan Gateway Borough* v. *Saling* (Alaska 1979), 604 P. 2d 590, was not supported by substantial evidence, and that, in *Bryant* v. *Masters Machine Co.* (Me. 1982), 444 A. 2d 329, 335, in speaking of an aggravation, the court said the injury would continue to be compensable:

"(2) If the fall caused or precipitated the neurological disorder or if the neurological disorder existed before the fall and was aggravated by the fall * * *."

The *Swanton* v. *Stringer* case, *supra,* speaks to a disability which was accelerated by a "substantial period of time," which is to be contrasted to the court's instruction in this case of a "substantial aggravation."

However, none of these cases supports the contention that the aggravation of the pre-existing condition must be a "substantial aggravation."

This court has been unable to find in the reports of Ohio, or any jurisdiction, authority for the position that an aggravation of a pre-existing injury must be shown to be a substantial aggravation. All of the cases cited refer to only an "aggravation" of a pre-existing condition.

Courts have used terms such as "the death is accelerated by a substantial period of time," *McKee* v. *Electric Auto-Lite Co.* (1958), 168 Ohio St. 77 [5 O.O.2d 345], syllabus; "was not proved by substantial evidence," *Ketchikan Gateway Borough* v. *Saling, supra;* "accelerated by an appreciable period of time," *Lopresti* v. *Community Traction Co.* (1954), 160 Ohio St. 480 [52 O.O. 359], paragraph two of the syllabus; "accelerated by a substantial period of time," *Swanton* v. *Stringer, supra.* It may be concluded that these terms relate to the quantum or quality of the evidence and cannot be construed to, nor do they impose a requirement of, proof of "substantial aggravation" of a pre-existing injury upon the plaintiff.

In Kendis & Kendis, Aggravation Under Workmen's Compensation (1968), 17 Cleve.-Mar. L. Rev. 93, at page 100, the following discussion is found:

"It is indeed interesting that in *McKee* and later decisions the requirement of 'substantial' was not also carried over to aggravation. It would seem that the courts do not feel that a workman must prove a substantial aggravation. It is sufficient that he can show by competent testimony and medical evidence that his diseased condition is worsened."

The test, according to the law of the state of Ohio, is that one may qualify for benefits under the workers' compensation law for aggravation of a pre-existing injury in a work-related injury if such be proved by a preponderance of the evidence.

Accordingly, an instruction by the court that a *substantial* aggravation of the pre-existing injury must be proved is an erroneous instruction and one which is contrary to the law of this state.

This judgment is therefore reversed and the cause remanded.

Because of the ruling on this assignment of error, it is not necessary to consider the first assignment of error.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and BAIRD, J., concur.

CORTS, J., of the Court of Common Pleas of Lorain County, Probate Division, sitting by assignment in the Ninth Appellate District.