PACATTE, APPELLANT, *v.* DAUGHERTY, ADMR., ET AL., APPELLEES.

(No. C-870324—Decided March 9, 1988.)

*Stewart Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Kenneth B. Baylen,* for appellees Robert C. Daugherty, administrator, and the Industrial Commission.

*Beirne & Wirthlin* and *J. Stephen Wirthlin,* for appellee Southwest Ohio Regional Transit Authority, Metro Operations Division.

*Per Curiam.* The principal issue in this appeal is whether plaintiff-appellant Robert L. Pacatte is entitled to participate in Ohio's workers' compensation fund as the result of an injury he sustained in the course of his employment with defendant-appellee, the Southwest Ohio Regional Transit Authority ("SORTA"). We conclude that Pacatte is entitled to receive workers' compensation benefits, and we therefore reverse the judgment of the court of common pleas.

The court's judgment was based upon stipulations filed by the parties, which reveal the following facts. In April 1976, Pacatte was employed as a bus driver by SORTA, an employer in compliance with Ohio's workers' compensation laws. On April 11, 1976, Pacatte was driving his bus and was in the process of stopping it when he heard a scream. He got out of the bus and saw a woman pedestrian under its rear wheels, not realizing until that moment that the bus had run over the woman. Upon seeing the woman, Pacatte felt cold and clammy, his heart began to race and he became disoriented. He also experienced shortness of breath and tightness in his chest. He was taken to the hospital, where he remained until April 14, and he did not return to work until May 14.

Attached to the parties' stipulations are two medical report forms prepared by Dr. Victor A. Frame in connection with Pacatte's workers' compensation claim. Dr. Frame diagnosed Pacatte's injury as "multiple premature ventricular contractions consistent with bigeminy following emotional shock of having pedestrian walk into back of moving bus, resulting in pedestrian's death."[1] Dr. Frame also stated that "[i]n my opinion, acci-

---

[1] The stipulations state the diagnosis as "cardiac arrhythmia of ventricular bigeminy type." Since nothing in the record establishes the source or explains the medical implications of this diagnosis, we rely instead upon Dr. Frame's diagnosis of "multiple premature ventricular contractions."

dent was direct cause of hospitalization." In response to a question on one of the forms about whether Pacatte had a preexisting condition which may have contributed to his disability, Dr. Frame answered affirmatively and explained that Pacatte had experienced previous episodes of premature ventricular contractions; "however, these were well-controlled prior to accident."

Pacatte's claim for workers' compensation benefits was disallowed by the Administrator of the Bureau of Workers' Compensation. He appealed to the regional board of review, which reversed the administrator's order and allowed the claim. On appeal by SORTA, the Industrial Commission of Ohio vacated the board's order and reinstated the administrator's order disallowing the claim.

Pacatte then appealed to the court of common pleas pursuant to R.C. 4123.519. By agreement of the parties, the court tried the case based upon the stipulated facts with the attached medical reports. After hearing oral arguments by counsel, the court entered judgment for defendants, finding that Pacatte "failed to show that the preexisting condition of multiple premature ventricular contractions was accelerated by a substantial period of time."

In his appeal from that judgment, Pacatte asserts three assignments of error. Each of the assignments relates to the trial court's application of the test adopted by the Ohio Supreme Court for determining when an injury[2] to an employee with a preexisting condition is compensable under the workers' compensation laws. This "acceleration test" was set forth in *Swan-*

*ton* v. *Stringer* (1975), 42 Ohio St. 2d 356, 71 O.O. 2d 325, 328 N.E. 2d 794, the syllabus of which reads in part as follows:

"1a. A disabling condition, resulting from a preexisting disease and claimed to have been accelerated by an injury in the course of and arising out of employment, is compensable under the Workmen's Compensation Act, where it is established that such disability was *accelerated by a substantial period of time* as a direct and proximate result of such injury.

"b. In such case, proof that the disability of an employee from disease was accelerated as the result of an injury in the course of and arising out of employment must include competent medical testimony that the injury directly and proximately accelerated the debilitating effect of the disability by a substantial period of time." (Emphasis added.)

Pacatte's first assignment of error is that the trial court erred in determining that he had a pre-existing condition of multiple premature ventricular contractions. Pacatte first argues that he did not have any preexisting condition, and that the trial court therefore should not have applied the *Swanton* acceleration test. We disagree, because the parties' stipulations and the reports of Dr. Frame (the only evidence before the trial court) establish that Pacatte did have a pre-existing condition. As noted above, Dr. Frame specifically stated that Pacatte had a pre-existing condition consisting of well-controlled episodes of premature ventricular contractions, and the parties repeated this finding in their eighth fact stipulation.

---

[2] We note that the Ohio Supreme Court recently overruled prior case law and decided that a physical injury to an employee occasioned solely by mental or emotional stress, received in the course of employment, is compensable under workers' compensation laws. *Ryan* v. *Connor* (1986), 28 Ohio St. 3d 406, 28 OBR 462, 503 N.E. 2d 1379.

However, Pacatte also contends that the trial court's characterization of his pre-existing condition as "multiple" premature ventricular contractions is contrary to the evidence, and we agree. Dr. Frame's medical reports state that Pacatte's multiple premature ventricular contractions occurred immediately *after* the bus accident, not before, and the reports clearly distinguish the severity of this post-accident condition from the previous, well-controlled episodes of premature ventricular contractions. For this reason, we sustain the first assignment of error.

The second assignment of error is that the trial court erred by failing to find that Pacatte's attack of multiple premature ventricular contractions immediately following the bus accident constituted an acceleration by a substantial period of time under *Swanton, supra.* We find the assignment of error to be meritorious.

In *Swanton, supra,* the court found that the claimant's pre-existing disease had been accelerated by a substantial period of time based upon medical evidence that exposure to a significant amount of dust and irritating odors had "substantially aggravated" his pre-existing pulmonary emphysema. The court then held that evidence of "aggravation" of a pre-existing disease is sufficient to establish that the disease was accelerated by a substantial period of time. *Id.* at paragraph 1c of the syllabus.

The *Swanton* opinion has received very different interpretations. *Heichel* v. *Bur. of Workers' Comp.* (Oct. 8, 1986), Richland App. No. CA-2398, unreported, and *Starcher* v. *Chrysler Corp.* (1984), 15 Ohio App. 3d 57, 15 OBR 86, 472 N.E. 2d 736, hold that any aggravation of the pre-existing disease is sufficient to allow participation in the workers' compensation fund

and that it is error to require substantial aggravation. They find no such requirement in the language of the Supreme Court cases or in the law of Ohio. On the other hand, *Kane* v. *Ford Motor Co.* (1984), 17 Ohio App. 3d 111, 17 OBR 173, 477 N.E. 2d 662, holds that the claimant must show a substantial aggravation. We believe this is the preferred interpretation of *Swanton.* It is clear that the worker's injury must have accelerated his disability by a substantial period of time, and we believe that such acceleration can be caused only by a substantial aggravation. Also, if all the claimant need show is the slightest degree of aggravation in order to participate in the workers' compensation fund, the resulting monetary benefit could be reviewed only by a mandamus action. Therefore, we believe the aggravation must be proved to have been substantial.

In the present case, we determine that the stipulations (including the medical reports) before the trial court established the fact that the injury Pacatte sustained as a result of the bus accident constituted a substantial aggravation of his pre-existing condition. The episodes of premature ventricular contractions experienced by Pacatte prior to the accident were well-controlled according to the medical reports and were not of a disabling nature. In contrast, Pacatte's condition after the accident, which his physician carefully distinguished from the pre-existing condition, involved shortness of breath, disorientation and a tightness in the chest requiring immediate hospitalization. Thus, the evidence before the trial court established that Pacatte's condition was substantially aggravated as a result of the accident. Therefore, in accordance with our interpretation of *Swanton, supra,* we sustain the second assignment of error.

In his third assignment of error,

Pacatte contends that the trial court erred by improperly applying the acceleration test with regard to the issue of causation, because the evidence showed that the shock of seeing the pedestrian under his bus wheels directly caused his multiple premature ventricular contractions. As quoted above, syllabus paragraphs 1a and 1b of *Swanton* require proof that the injury in question was the direct and proximate cause of the acceleration of a pre-existing condition. We agree with Pacatte that this requirement was met in the present case, based upon the medical reports prepared by Dr. Frame. In those reports, Dr. Frame stated specifically that in his opinion, the accident was the "direct cause" of Pacatte's hospitalization for multiple premature ventricular contractions. Therefore, we sustain the third assignment of error.

The judgment of the trial court is reversed. Plaintiff-appellant Robert L. Pacatte being entitled to judgment as a matter of law, we enter judgment in his favor and remand this case to the court of common pleas for further proceedings pursuant to law.

*Judgment accordingly.*

BLACK and UTZ, JJ., concur.

KLUSMEIER, P.J., concurs in judgment only.

KLUSMEIER, P.J., concurring. I write separately in order to indicate (1) my concurrence in the judgment of the majority, and (2) my disagreement with the appraisal of the majority that *Kane* v. *Ford Motor Co.* (1984), 17 Ohio App. 3d 111, 17 OBR 173, 477 N.E. 2d 662, is the preferred interpretation of *Swanton* v. *Stringer* (1975), 42 Ohio St. 2d 356, 71 O.O. 2d 325, 328 N.E. 2d 794, over the interpretation expressed in *Starcher* v. *Chrysler Corp.* (1984), 15

Ohio App. 3d 57, 15 OBR 86, 472 N.E. 2d 736.[3]

The syllabus of *Swanton, supra,* is as follows:

"1a. A disabling condition, resulting from a pre-existing disease and claimed to have been accelerated by an injury in the course of and arising out of employment, is compensable under the Workmen's Compensation Act, where it is established that such disability was accelerated by a substantial period of time as a direct and proximate result of such injury.

"b. In such case, proof that the disability of an employee from disease was accelerated as the result of an injury in the course of and arising out of employment must include competent medical testimony that the injury directly and proximately accelerated the debilitating effect of the disability by a substantial period of time.

"c. Such competent expert medical testimony, in response to a proper hypothetical question based on evidence, that 'any acute exposure to a significant amount of dust or irritating odors would substantially aggravate this pre-existing condition' and 'I feel that this might be, figuratively speaking, the straw that broke the camel's back by aggravation of the pre-existing condition' is sufficient competent medical testimony to establish that the injury directly and proximately accelerated the disability by aggravation of the pre-existing disease."

The syllabus does not state the law to be that a substantial aggravation of the pre-existing condition must be proved in order for the injury to be compensable. In the syllabus, the adjective "substantial" modifies acceleration of the progress of the pre-

---

[3] See, also, *Heichel* v. *Bur. of Workers' Comp.* (Oct. 8, 1986), Richland App. No. CA-2398, unreported.

existing condition. That word is found as a modifier of "aggravation" only in the quotation of a portion of an answer of an expert medical witness in paragraph 1c of the syllabus.

This use of "substantial" by the Supreme Court in *Swanton* is noted in *Starcher, supra; Kane, supra,* does not even mention *Swanton. Starcher* held that the trial court erred in its instruction to the jury that the claimant must establish a substantial aggravation of a pre-existing condition in order to participate in the workers' compensation fund on account of that condition. The Court of Appeals for the Ninth District relied on *Swanton* in holding that all the claimant need prove in this regard is that the pre-existing condition was aggravated by the injury. I am not ready to agree on the record of this case that "such acceleration [of disability by a substantial period of time] can be caused only by a substantial aggravation."

Finally, the majority determined, correctly, that the injury sustained by appellant constituted a substantial aggravation of his pre-existing condition. A "substantial aggravation" is by its very name something more than "aggravation." I would not, therefore, rely on *Kane, supra,* or consider it a preferred interpretation of *Swanton.*