BOROFF, APPELLANT, *v.* McDONALD'S RESTAURANTS OF OHIO, INC. ET AL., APPELLEES.

(No. 87AP-399—Decided March 29, 1988.)

*Kemp, Schaeffer & Rowe Co., L.P.A.,* and *Christopher L. Lardiere,* for appellant Betsy Boroff.

*Schottenstein, Zox & Dunn* and *James E. Davidson,* for appellee McDonald's Restaurants of Ohio, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Douglas M. Kennedy,* for appellee Industrial Commission.

BOWMAN, J. In April 1982, appellant was employed as a manager by McDonald's Restaurants of Ohio, Inc. ("McDonald's"). As the manager, appellant was responsible for training all personnel, drafting financial and monthly projections, mid-month adjustments, and all other paperwork. She was also responsible for marketing, public relations, profit and loss, and the quality, service, and cleanliness of her store.

On April 6, 1982, appellant was injured in the course and scope of her employment with McDonald's when she fell at the foot of the stairs, and her claim was allowed for strain to her neck and left shoulder. Appellant did not take any time from work following

the industrial accident. In October 1982, appellant was in a car accident and hit the left side of her head against the window and her left leg against the door. Appellant missed one week at work following the car accident.

Appellant did not seek medical attention until March 1983. At that time, she went to see Dr. Rutherford for her physical injuries. Dr. Rutherford referred her to Dr. Box, a psychiatrist. In May 1983, Dr. Box referred her to Dr. Manchester, a psychologist. Dr. Manchester determined that appellant sustained a substantial aggravation of a pre-existing condition as a result of her accident.

In October 1983, appellant was seen by Dr. Turton at the Industrial Commission of Ohio for the purpose of determining whether appellant's depression was the result of her industrial injury or whether it was a pre-existing condition which was aggravated by the injury. Dr. Turton diagnosed appellant as suffering from a chronic neurosis with compulsive components which had preceded the industrial injury in question, and which was aggravated by it. Dr. Turton evaluated her degree of impairment as ten percent. Based on this evaluation, the district hearing officer allowed appellant's pre-existing chronic neurosis with compulsive components as an additional condition to her claim.

McDonald's appealed the additional allowed condition to the regional board of review which affirmed the district hearing officer's order. On January 25, 1985, McDonald's appealed this ruling to the Industrial Commission; however, the appeal was denied and the decision of the regional board was affirmed.

McDonald's appealed the Industrial Commission's determination to the court of common pleas and appellant filed her complaint demanding that she be permitted to continue to participate in the fund. The trial court found in favor of appellee and disallowed the additional condition.

Appellant now brings this appeal and sets forth the following assignments of error:

"I. The trial court erred by stating that the appellant must establish by a preponderance of the evidence that her industrial injury sustained while in the course of her employment with McDonald's directly and proximately caused a substantial aggravation of her pre-existing condition of chronic neurosis with compulsive components.

"II. The court has erred as a matter of law by finding that the appellant had failed to show that her pre-existing condition was substantially aggravated by the industrial accident.

"III. The court's finding that the appellant's expert's (Dr. Manchester) testimony was not credible is not supported by the weight of the evidence."

In her first assignment of error, appellant contends that the trial court erred in finding that a pre-existing condition had to be substantially aggravated by her industrial accident. In its opinion, the trial court determined that appellant "must establish by a preponderance of the evidence, or in other words, greater weight of the evidence, that the psychological injury was proximately caused by an industrial accident during the course of her employment at McDonald's Restaurant." The court went on to hold:

"It is my opinion as the fact finder in this case that * * * to say that the slipping and fall on April 6, '82, was an aggravation is very far fetched, and I can't see that. If there was an aggravation it was so slight as to be trivial in the totality of this lady's problems, and what had happened to her mentally and physically before April 6, 1982, and after April 6, 1982.

"Because of this it is the opinion of

the fact finder that the plaintiff has not proved its [sic] case by a preponderance of the evidence. In other words [she] has not established by the greater weight of the evidence that the psychological injury which has been described as a chronic neurosis with compulsive components was proximately caused by the slip and fall on April 6, 1982 at McDonald's Restaurant during the course of her employment."

This court finds that the trial court erred in its determination. The issue before the court was not whether appellant's industrial accident at McDonald's proximately caused her psychological problems, but rather, was whether her industrial accident was a direct and proximate cause of an aggravation of a previously existing psychological problem. Appellant had to prove by a preponderance of the evidence that she sustained an aggravation to a pre-existing condition as a result of her April 6, 1982 fall.

In *Swanton* v. *Stringer* (1975), 42 Ohio St. 2d 356, 71 O.O. 2d 325, 328 N.E. 2d 794, the court held:

"1. a. A disabling condition, resulting from a pre-existing disease and claimed to have been accelerated by an injury in the course of and arising out of employment, is compensable under the Workmen's Compensation Act, where it is established that such disability was accelerated by a substantial period of time as a direct and proximate result of such injury.

"b. In such case, proof that the disability of an employee from disease was accelerated as the result of an injury in the course of and arising out of employment must include competent medical testimony that the injury directly and proximately accelerated the debilitating effect of the disability by a substantial period of time. * * *" *Id.* at syllabus.

In *Swanton,* the court was presented with the issue of the sufficiency of the evidence to support a finding of a causal relationship between the injury and accident which formed the basis for the workers' compensation claim. In passing on the sufficiency of a doctor's response to a hypothetical question, the court stated:

"That testimony, although not couched in legally precise language, does support a finding by the trial court that the incident complained of proximately caused *the aggravation* of the pre-existing disease which resulted in disability to the appellee." (Emphasis added.) *Id.* at 360, 71 O.O. 3d at 327, 328 N.E. 2d at 798.

Neither the holding nor dicta in *Swanton* requires proof that the aggravation of a pre-existing condition be a substantial aggravation.

In *Starcher* v. *Chrysler Corp.* (1984), 15 Ohio App. 3d 57, 15 OBR 86, 472 N.E. 2d 736, the court, in discussing *Swanton,* stated:

"The court in that case was speaking to the correctness of the hypothetical question and the answer given to it. The witness used the term 'substantial aggravation.' In that case, that may have been the quality of the injury. The words used by a witness in an answer to a question do not have the force of establishing law, unless those words are used in the court's finding. Such was not the case here, and as a matter of fact, the court referred to testimony which was 'not couched in legally precise language' contained in the answer. This court concludes that the imprecise language the court had reference to was the very language referred to above. It is significant that the last paragraph above refers to 'aggravation' without any modifying words. * * *" *Id.* at 59-60, 15 OBR at 88, 472 N.E. 2d at 738.

This court finds no requirement exists that appellant must show the aggravation of her pre-existing injury was substantial where the word "substantial" means anything other than real, verifiable, not seeming or imaginary.

The word "substantial" used in this connection is not a term of art. The key is whether the aggravation, whether or not modified by the word "substantial," had an impact on a person's bodily functions or affected an individual's ability to function or work. In other words, did the aggravation of the pre-existing condition have a significant enough effect on the individual's ability to function that it resulted in an impairment which caused a disability? Substantially, "aggravate" simply means the aggravation was significant enough that it caused a problem for which the person sought treatment. Any degree of effect on functioning is sufficient as long as it is not a passing, transitory, or momentary matter.

In *Westerviller* v. *Lennox Industries, Inc.* (Apr. 15, 1986), Franklin App. No. 85AP-377, unreported, this court determined that the plaintiff's evidence was insufficient to establish that his symptoms were of such a tangible nature and significance as to render his pre-existing condition worse. The court also stated:

"We are unable to agree with defendant's contention that increased symptoms are not to be equated with substantial aggravation of a condition; we did not come to that conclusion in our opinion in *Sprague* v. *CCC Highway, Inc.* (June 28, 1983), No. 83AP-170, unreported (1983 Opinions 1837). Instead, we were there confronted with a situation where the pre-existing condition became evident due to the manifestation of symptoms which were not of such a severity that the plaintiff's condition was exacerbated. However, this will not always be the case.

"Symptoms cannot always be separated from the condition they evidence. In this case, plaintiff's preexisting condition essentially was a weak heart muscle which caused him no problems. Should the onset of symptoms of irregular heartbeat and chest pain result in a substantial change in that, in combination with his symptoms, his weak heart muscle does cause him *real* problems, then, when considering the preexisting conditions and his symptoms as a total package, his status will have substantially changed — his preexisting condition will have been substantially aggravated." (Emphasis added.) *Id.* at 3.

To the extent the word "substantial" was used in *Sprague* v. *CCC Highway, Inc.* (June 28, 1983), Franklin App. No. 83AP-170, unreported, such word was used only in dicta and did not affect the opinion which found no aggravation of a pre-existing condition.

Therefore, the lower court erred when it placed on appellant, in one instance, the burden of showing her industrial accident proximately caused her psychological problems and, in another instance, the burden of proving by a preponderance of the evidence that the aggravation was substantial. Appellant's first assignment of error is sustained.

In her second and third assignments of error, appellant argues the findings of the trial court are against the manifest weight of the evidence. However, given the disposition of the appellant's first assignment of error, that the trial court applied the wrong test to the evidence to determine proximate cause and aggravation, and the necessity of remanding this matter for further proceedings, the issues relating to the manifest weight of the evidence have not yet arisen and are

not before the court. Upon remand, it is assumed the court will apply the correct test to the evidence to determine whether an industrial accident proximately caused an aggravation of appellant's pre-existing condition. Any degree of aggravation that meets the standard set forth in the first assignment of error would permit appellant to participate in the workers' compensation fund. The degree in terms of a percentage of aggravation and the extent of appellant's participation in the fund are to be decided by the Industrial Commission.

Appellant's first assignment of error is sustained, appellant's second and third assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.