SCHILL, APPELLEE, *v.* GENERAL MOTORS CORPORATION ET AL., APPELLANTS.

(No. 3907 — Decided July 25, 1988.)

*Joseph A. Moro,* for appellee.

*Christine C. Covey,* for appellant General Motors Corporation.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark E. Mastrangelo,* for appellant Industrial Commission of Ohio.

STILLMAN, J. Lorenz Schill ("appellee") was employed at General Motors Corporation's ("appellant's") automobile assembly plant. On September 26, 1979, in the course of performing his job duties, the vehicle appellee was driving was struck broadside by an automobile, causing the appellee to be thrown to the floor where he struck his back and head. Appellee was first taken to the plant dispensary for a cursory examination and later taken to Youngstown Osteopathic Hospital where he was treated by Dr. Shimon Zuckerman. Thereafter, appellee engaged Dr. Donald Surridge as his treating physician.

Appellee's Bureau of Workers' Compensation ("BWC") claim was originally allowed for cervical, dorsal, lumbar and sacroiliac strain and sprain. In 1983, appellee sought to have his claim further allowed for the following eight conditions:

1. Somatic dysfunction of low back;

2. Somatic dysfunction of left hip;

3. Somatic dysfunction of pelvis;

4. Left chronic sciatic neuralgia of low back;

5. Chronic spasm of left lumbar spinal mass;

6. Aggravation of osteoarthritis of low back;

7. Aggravation of degenerative disc disease with marked degenerative arthritis L5-S1;

8. Paravertebral myofascitis at L-4.

Conditions 6 and 7 preexisted the work accident and allegedly were aggravated by it.

Two issues for jury determination involved the medical questions:

"(A) Are injuries Nos. 1 through 5 medical diagnoses of adverse bodily conditions distinctively different and separate from the previously allowed lumbar strain?

"(B) Did appellee's September 26, 1979 work accident substantially (or otherwise) aggravate both preexisting conditions Nos. 6 and 7?"

The medical evidence presented during appellee's case-in-chief included the testimony of Surridge. Surridge testified that question (B) could not be answered affirmatively because it is unknown *and* unknowable what may have caused appellee's preexisting arthritic conditions to progress from an "early" stage in 1976 to a "moderate" stage in 1982. Surridge could not state with a certainty that the work accident aggravated those conditions.

Appellant moved for a directed verdict at the close of appellee's case-in-chief, but was overruled. The testimony of Dr. Barry Greenberg, a board-certified orthopedic surgeon with a spinal subspecialty, included his opinion that:

"1. Appellee's preexisting conditions Nos. 6 and 7 were aggravated—though not 'substantially'—by his work accident; and

"2. The first six aforelisted conditions identified by Surridge were not true orthopedic diagnoses but merely different descriptions of the one, theretofore allowed condition of lum-

bar strain, as corroborated by Surridge's own prior written statements."

Over appellant's objection, the court instructed the jury that appellee was entitled to participate in appellant's BWC fund if the preexisting conditions were simply aggravated without any proof requirement that such aggravation was substantial.

The jury returned its verdict finding in appellee's favor for seven of the eight conditions, the only exception being paravertebral myofascitis at L-4.

On April 10, 1987, the court entered a judgment on the verdict. On April 23, 1987, appellant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, which was denied on May 22, 1987. On June 22, 1987, appellant timely filed its notice of appeal assigning these errors:

"1. The trial court committed error prejudicial to appellant by overruling appellant's motion *in limine* objecting to direct examination questions propounded by appellee to Dr. Surridge upon deposition, which resulted in the improper admission of the speculative opinion testimony of appellee's expert witness as to the proximate causative agent of appellee's aggravation of his preexisting arthritic and degenerative disc conditions.

"2. The trial court committed error prejudicial to appellant by refusing to direct a verdict for appellant at the close of appellee's case-in-chief and at the close of all the evidence, and in overruling appellant's motion for judgment notwithstanding the verdict and for a new trial where there was a total failure by appellee to present competent proof upon the issue of the substantial aggravation of appellee's preexisting arthritic and degenerative disc conditions.

"3. The trial court committed error prejudicial to appellant by failing to instruct the jury as to the law ap-

plicable to aggravation of preexisting conditions as it refused to advise the jury that appellee must prove that such aggravation was substantial in nature in order to establish entitlement to participate in appellant's workers' compensation fund.

"4. The judgment of the trial court is against the manifest weight of the evidence."

Appellant's first and second assignments of error are not well-taken. The granting of a request for a motion *in limine* lies in the power and discretion of the trial court. *Riverside Methodist Hospital Assn.* v. *Guthrie* (1982), 3 Ohio App. 3d 308, 3 OBR 355, 444 N.E. 2d 1358. Appellant has failed to show an abuse of the trial court's discretion. Furthermore, appellant failed to object to the introduction of the disputed evidence at trial thereby waiving any previous objection. Appellant should have objected once again before Surridge's deposition was read into the record. See *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 259-260, 15 OBR 379, 396-397, 473 N.E. 2d 768, 787-788, wherein the court held:

"* * * *We note that the record does not disclose any objection by appellant at trial* concerning the issue of hypnotic testimony.

"Motions *in limine* are discussed in some detail by a Texas appellate court in *Redding* v. *Ferguson* (Tex. Civ. App. 1973), 501 S.W. 2d 717. The *Redding* court notes at 722 that '[t]he purpose of a motion in limine is to avoid the injection into the trial, of matters which are irrelevant, inadmissible and prejudicial. * * * It also serves the useful purpose of raising and pointing out before trial, certain evidentiary rulings that the Court may be called upon to make. By its very nature, when properly drawn, its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence.'

"This analysis by Texas is in accord with Ohio's recent appellate court decisions in *State* v. *White* (1982), 6 Ohio App. 3d 1, and *State* v. *Wilson* (1982), 8 Ohio App. 3d 216, 219-220. The court in *Wilson* stated that '* * * *if the trial judge had denied the motion in limine by ruling that the evidence was proper, counsel asserting the objection would have been obliged to challenge the evidence when the full context of the evidentiary issue was presented during the trial. Failure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion in limine.'* Id.* at 220. See, also, *Caserta* v. *Allstate Ins. Co.* (1983), 14 Ohio App. 3d 167, 170.

" '*An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.*' *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O. 3d 98], paragraph one of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911. *Appellant's failure to object at trial in the case sub judice constituted a waiver of this evidentiary issue.*" (Emphasis added and footnotes omitted.)

In its second assignment of error, once again, appellant asserts that the trial court erred by refusing appellant's request to exclude portions of Surridge's testimony. However, as was previously discussed, the introduction of this testimony was not properly objected to at trial; therefore, appellant's second assignment of error is also not well-taken.

Appellant's third assignment of error lacks merit. Appellant argues that the trial court erred in not instructing the jury that appellee must prove that the aggravation of appellee's preexisting condition was "substantial." This question was addressed in the

case of *Starcher* v. *Chrysler Corp.* (1984), 15 Ohio App. 3d 57, 15 OBR 86, 472 N.E. 2d 736. The Summit County Court of Appeals held in the syllabus:

"In an appeal brought pursuant to R.C. 4123.519, it is error for the trial court to instruct the jury that the claimant must establish a 'substantial' aggravation of a pre-existing condition in order to participate in the workers' compensation fund on account of that condition. All that is required to qualify for benefits under the workers' compensation law for aggravation of a pre-existing injury in a work-related injury is that the claimant prove such aggravation by a preponderance of the evidence."

Appellant cites as precedent this court's decision in *Goricki* v. *General Motors Corp.* (Dec. 31, 1985), Trumbull App. No. 3527, unreported, which rejects the holding of *Starcher*. In so holding, the court pointed out that *Starcher* was the only case which had adopted such a position. However, since the *Goricki* decision, another appeals court has adopted the *Starcher* holding, *i.e., Heichel* v. *Administrator* (Oct. 8, 1986), Richland App. No. CA-2398, unreported, wherein the court held at 5-6:

"It is interesting to note that the 1986-1 replacement page to 3 Ohio [Jury] Instructions, Section[s] 365.13 and 365.15, deletes any reference to 'substantial.'

"The *Starcher* court in stating that 'substantial' is not part of the Ohio Law on aggravation, states further at p. 59:

" ' That legal premise is well-stated in the case of *Hamilton* v. *Keller* (1976), 11 Ohio App. 2d 121 [40 O.O.2d 289], at pages 127-128, where the court states:

" ' "* * * Every workman brings with him to his employment certain infirmities. The employer takes an employee as he finds him and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal healthy person. If that injury is the proximate cause of the death or disability for which compensation is sought, the previous physical condition is unimportant and recovery may be had independently of the pre-existing weakness or disease. 99 Corpus Juris Secundum 589, Workmen's Compensation, Section 170.' '

"We hold that one may qualify for benefits under the Workers' Compensation Law for aggravation of the pre-existing injury caused by a work-related incident if such aggravation be proved by a preponderance of the evidence."

Appellant's fourth assignment of error, that the judgment is against the manifest weight of the evidence, is not well-taken. In *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, the court held in the syllabus:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

In the case *sub judice,* there is competent, credible evidence going to all the essential elements of the case.

We, therefore, reject the fourth assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and HOFSTETTER, J., concur.

JOSEPH E. O'NEILL, P.J., of the Seventh Appellate District, SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.