[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant, Corning, Inc., appeals from a judgment rendered in favor of Plaintiff, Charles W. Cruze, on his workers' compensation claim. The judgment was entered on the verdict of a jury which found that Cruze was injured in the course of his employment.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY
In order to prove his claim for relief, Cruze had the burden to show, by a preponderance of the evidence, that he sustained an accidental injury in the course of and arising out of his employment. R.C. 4123.01;Fisher v. Mayfield (1990), 49 Ohio St.3d 275. The trial court instructed the jury concerning the statutorily-defined elements of that claim, and then added:
 "If you find that Charles Cruze has proved by the preponderance of the evidence all essential elements of his case, then you verdict must be that he is entitled to participate in the Workers' Compensation fund. If you find that Charles Cruze has failed to prove by the greater weight of the evidence any essential element of his case or if you find that the evidence is evenly balanced on any element, then your verdict must be that he is not entitled to participate in the Workers' Compensation fund." (Emphasis supplied).
Corning argues on appeal, as it did in the trial court, that the adjective "essential" was misleading as the court used it with reference to the elements Cruze was required to prove and which the court had previously identified. According to Corning, the adjective implies that there were other elements of the claim for relief which were not "essential" for Cruze to prove.
Essential is a synonym for "necessary" or "indispensable," perWebster's Third New International Dictionary, and the trial courtemployed the word to impart that meaning, which was proper. Corning'sargument that it was not relies on the linguistic inference, expressiounis, "expression of one thing suggests the exclusion of others." However, the resulting negative implication requires the existence of some "others," and Corning can point to none, at least with respect to any other element of his claim that Cruze had to prove. Even if there were some, their possible existence could only add to Cruze's burden of proof, prejudicing him and not Corning.
Corning also complains that the instruction the court gave varies from the text of Ohio Jury Instruction 365.19, which is identical to the instruction the court gave except for use of the word "essential." We can find neither error nor an abuse of discretion in the variance. The Ohio Jury Instructions are suggestions published by the Ohio Jury Instructions Committee of the Ohio Judicial Conference, which has stated:
 It is significant that the OJI project is a voluntary, joint effort by the judiciary. The committee has no authority that implies approval of the instructions or requires their use. Complete freedom of choice by the trial judge is essential to the orderly development of this phase of instructional administration of justice.
Preface to Ohio Jury Instructions Volume One (1968).
Corning also likens essential as it was employed here to use of theadjective "substantial" to modify "aggravation of a pre-existing injury,"which has been held to be improper in a jury instruction. Starcher v.Chrysler Corporation (1984), 15 Ohio App.3d 57. However, as the courtthere noted, the word substantial was not a part of the statutory definition of a claim of that kind. Further, as it was used the term related to the quantum or quality of the evidence that might prove the factual basis of the claim. The court used it here to identify the requirements of law that Cruze's burden of proof imposed.
The word essential is more commonly used in relation to the elements ofa criminal offense, proof of which is required for criminal liability.However, there is no reason why it may not also be employed to refer tothe elements of a civil claim for relief defined by statute. Here, itsuse lacked any capacity to confuse or mislead the jury, referring as itdid to those elements that were necessary to the claim, which the court had previously identified.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 ____________________ GRADY, P.J.,
BROGAN, J. and FAIN, J., concur.