OHIO STATE BAR ASSOCIATION *v.* CHIOFALO ET AL.

[Cite as *Ohio State Bar Assn. v. Chiofalo*, 112 Ohio St.3d 113, 2006-Ohio-6512.]

*Unauthorized practice of law — Arguing application of law on behalf of patient during administrative hearing — Gov.Bar R. VII(8)(B) — No civil penalty imposed.*

(No. 2006-0840 — Submitted June 20, 2006 — Decided December 27, 2006.]

ON FINAL REPORT by the Board on the Unauthorized

Practice of Law, No. UPL 03-01.

_____

**Per Curiam**.

**{¶ 1}** On January 6, 2003, relator, Ohio State Bar Association, charged that respondents John D. Chiofalo, D.C., DABCO,[1] and his employer, County Chiropractic Clinic of Orrville, had practiced law without a license when Chiofalo appeared before the Industrial Commission of Ohio ("IC") on behalf of a patient seeking workers' compensation benefits. Respondents answered the complaint, admitting most of the allegations, but denying any unauthorized practice of law.

**{¶ 2}** Chiofalo later conceded in an affidavit that he had practiced law without a license. Based on that affidavit and the affidavit of the employer's counsel who defended against the patient's workers' compensation claim, relator moved for summary judgment pursuant to Civ.R. 56. Respondents did not oppose the motion.

**{¶ 3}** A panel of the Board on the Unauthorized Practice of Law ultimately granted summary judgment for relator, but not until the board had

_____

1. "DABCO" refers to Chiofalo's accreditation as a Diplomate of the American Board of Chiropractic Orthopedists.

completed review on remand, as ordered in *Cleveland Bar Assn. v. CompManagement*, *Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181. The panel held its ruling on the motion, per the board's instruction, to ensure consistency with the *CompManagement* standards establishing the extent to which nonlawyers may act in a representative capacity before the Ohio Bureau of Workers' Compensation ("BWC") and the IC. The board ultimately adopted the panel's findings that respondents had engaged in the unauthorized practice of law and recommendation that the unlawful conduct be enjoined.

**{¶ 4}** In practicing chiropractic medicine for the County Chiropractic Clinic of Orrville, Chiofalo evaluates and treats injured workers who are or may be entitled to benefits under Ohio's Workers' Compensation laws. Chiofalo is not a lawyer.

**{¶ 5}** On May 9, 2002, Chiofalo attended an adjudicatory IC hearing, intending to appear as a witness to support his patient's claim for compensation against an industrial employer. The patient was at that time receiving assistance in his claim from a union representative. During his testimony, Chiofalo challenged the credibility of the defense's medical expert and admittedly "cited, quoted, and argued definitions, meanings and application of legal terms from a legal text" to support his patient's claim.

**{¶ 6}** The employer's counsel objected to Chiofalo's advocacy during the hearing, but the IC hearing officer overruled her objections. In her affidavit, defense counsel reported that respondent was permitted to continue asserting the validity of his patient's claim, even to the extent of making a closing statement on the injured workers' behalf. She recalled Chiofalo's argument that his patient's claim "should be allowed as an 'aggravation of a pre-existing condition,' which is a legal term of art in Ohio's Workers' Compensation law." That legal conclusion may entitle the claimant to workers' compensation benefits. See *Swanton v. Stringer* (1975), 42 Ohio St.2d 356, 359-360, 71 O.O.2d 325, 328 N.E.2d 794.

**{¶ 7}** We possess the power to regulate, control, and define the practice of law in Ohio. Section 2(B)(l)(g), Article IV, Ohio Constitution; *CompManagement*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 39. We have held that the practice of law "includes conducting cases in court, preparing and filing legal pleadings and other papers, appearing in court cases, and managing actions and proceedings on behalf of clients before judges, whether before courts or administrative agencies." *Cleveland Bar Assn. v. Coats,* 98 Ohio St.3d 413, 2003- Ohio-1496, 786 N.E.2d 449, ¶ 3. Indeed, engaging in such activity before an administrative agency generally constitutes the practice of law. *Columbus Bar Assn v. Smith*, 100 Ohio St.3d 278, 2003-Ohio-5751, 798 N.E.2d 592, ¶ 4.

**{¶ 8}** In *CompManagement*, however, we clarified one of the exceptions to this rule. We held that nonlawyers who act in a representative capacity before the IC and BWC do not engage in the unauthorized practice of law as long as their conduct conforms to the standards in Industrial Commission Resolution No. R04-1-01. See *CompManagement*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, syllabus. Section (A) of the resolution specifies acts in which lay representatives may engage; Section (B) sets forth acts requiring the specialized skill of a licensed lawyer and that nonlawyers may not perform. To this end, Sections (B)(2), (3), and (4) state that a nonlawyer cannot "[c]ite, file or interpret statutory or administrative provisions, administrative rulings or case law," "[m]ake and give legal interpretations with respect to testimony, affidavits, medical evidence in the form of reports or testimony," or "[c]omment upon or give opinions with respect to the evidence, credibility of witnesses, the nature and weight of the evidence, or the legal significance of the contents of the claims file."

**{¶ 9}** By arguing statutory provisions and case law, construing the text to advance his patient's case, and interpreting the weight, significance, and credibility of evidence presented, Chiofalo acted well beyond the standards for

nonlawyer representation during the underlying IC proceeding. The board therefore found that Chiofalo and, by virtue of his employment, County Chiropractic Clinic of Orrville had engaged in the unauthorized practice of law and recommended that both be enjoined from this conduct in the future.

{¶ 10} The board did not, however, recommend imposition of a civil penalty pursuant to Gov.Bar R. VII(8)(B). Citing two of the factors for determining the propriety of imposing a civil penalty, Gov.Bar R. VII(8)(B)(1) and (2), the board found that Chiofalo had committed only one offense and that he had participated cooperatively in the board proceedings. That Chiofalo had not misrepresented himself as an attorney, plans to attend professional training as to the appropriate role of a chiropractor during IC and BWC hearings, and has promised never to repeat his transgressions also weighed against a civil penalty.

{¶ 11} On review, we adopt the board's finding that respondents exceeded limits on the representation that a nonlawyer may provide in workers' compensation cases and that an injunction is appropriate. Respondents are therefore enjoined from violating Industrial Commission Resolution No. R04-1-01 (B)(2), (3), and (4) while testifying for claimants in proceedings before the IC or BWC and from engaging in any other act constituting the practice of law. Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Young, Reverman & Mazzei Co., L.P.A., and Stephen S. Mazzei; and Eugene P. Whetzel, Bar Counsel, for relator.

Philip J. Fulton Law Office and William A. Thorman III, for respondent.

_____