FRIGIDAIRE DIVISION, GENERAL MOTORS CORPORATION, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as Frigidaire v. Indus. Comm. (1976), 45 Ohio St. 2d 143.]

(No. 75-803—Decided February 18, 1976.)

*Messrs. Cowden, Pfarrer, Crew & Becker* and *Mr. Stephen M. Pfarrer*, for appellee.

*Messrs. E. S. Gallon & Associates* and *Mr. John A. Cervay*, for appellant claimant.

*Mr. William J. Brown*, attorney general, *Mr. Michael J. Hickey* and *Mr. William Naperstick*, for appellant Industrial Commission.

*Per Curiam.* The question presented is whether the Industrial Commission abused its discretion in allowing the claim as an occupational disease compensable under R. C. 4123.68(BB).

In *State, ex rel. Ohio Bell Telephone Co.,* v. *Krise* (1975), 42 Ohio St. 2d 247, this court held that an occupational disease is compensable under R. C. 4123.68(BB) where the following criteria exist:

"(1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally."

Applying that holding to the stipulated facts of this case, it is necessary to determine whether there was evidence of record upon which the commission could have found the existence of these criteria. *State, ex rel. Ohio Bell Telephone Co., supra,* at page 254.

The Court of Appeals found evidence of the existence

of the first criterion, *supra*, that "[t]he disease is contracted in the course of employment." However, the court found no evidence of the second and third criteria as being before the Industrial Commission. The Court of Appeals, in its majority opinion, stated: "* * * there is no evidence which shows that the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation, or that the conditions of employment result in a hazard which distinguishes the employment in character from employment generally, and further no proof that claimant's employment created a risk of contracting the disease in a greater degree and in a different manner than in the public generally. There is no evidence that claimant was required to use a harsh type of hand cleaner regularly, or that his hands were exposed to oil or grime repeatedly, or that his employment exposed him to hand cleaning solutions potentially causing harm with any greater regularity than persons in other employment or the public generally. In fact, the record discloses the use of the particular hand cleaner on only the one occasion at his employment and also discloses skin irritation problems with similar materials outside of his employment."

Following a review of the record herein, this court agrees that there was no evidence of the existence of the second and third criteria as being before the commission, and that the commission abused its discretion in allowing the claim herein.*

For the foregoing reason, the judgment of the Court of Appeals, allowing the writ of mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*Claimant argues the applicability of *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 255, herein, a case also involving "contact dermatitis." However, that case is clearly distinguishable on its facts.