THE STATE, EX REL. UNITED STATES PLAYING CARD
COMPANY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO,
APPELLANT.

(No. 76AP-40—Decided July 20, 1976.)

*Messrs. Dinsmore, Shohl, Coates & Deupree, Mr. John
M. Kunst, Jr.,* and *Mr. Mark A. Vander Laan,* for appellee.
   *Mr. William J. Brown,* attorney general, and *Mr. Robert L. Holder,* for appellant.
   *Mr. Marcus R. Kondritzer,* for Mrs. Joyce Alexander,
claimant.

   HOLMES, J.   This matter involves the appeal of a
judgment of the Court of Common Pleas of Franklin County granting relator, the appellee herein, a writ of mandamus remanding the contested claim of relator's employee to the Industrial Commission, with instructions to the commission to consider the subject claim as one for "injury" or, in the alternative, to give relator an opportunity to be heard on the issues of "occupational disease."
   The facts in brief giving rise to the action in mandamus, and the appeal thereof to this court, are that on April 19, 1971, Joyce Alexander, an employee of relator United States Playing Card Company, filed for compensation with the Bureau of Workmen's Compensation, alleging

an injury described as nerve injury in the right hand and arm. The C-50 form of the Industrial Commission is an "injury" application as opposed to an "occupational disease" application. The Bureau of Workmen's Compensation assigned an injury number to the claim and sent the copy of such form to the relator. The relator responded to the notification of the C-50 form, treating the application and information contained on the form as involving a claimed compensable injury.

The investigator of the Bureau of Workmen's Compensation, conducting the investigation upon the claim, reported a specific injury date of April 2, 1971, and, within his description of the incident, spoke of the alleged "accident" and described the alleged "injury." The deputy administrator of Workmen's Compensation conducted a hearing on the merits and disallowed Mrs. Alexander's claim by an order dated January 4, 1972, stating in such report "* * * for the reason that proof on file does not show that claimant's disability described as carpal tunnel syndrome was or is the result of a compensable occupational disease contracted in the course of employment." The order does not contain any explanation as to why such term "occupational disease" was used rather than "injury." The order still contained a specific injury date as well as an injury claim number.

Mrs. Alexander appealed the disallowance of her claim to the Regional Board of Review, but presented no new evidence. However, a Dr. Theodore Vinke, an orthopedic surgeon, who had examined Mrs. Alexander, did tour the employees' work area at the company's request. Dr. Vinke's letter to the company was as follows:

"On Wednesday, January 19, 1972, I made a tour of the facilities of the United States Playing Card Company, which included the inspection of the job of a stripping machine operator which Mrs. Joyce Alexander was doing at the time, she claimed, she developed symptoms in her right hand. After closely observing several employees doing the type of work that Mrs. Alexander was engaged in, I was impressed by the fact that the work was not stren-

uous and did not require much force as far as hitting the cards with her hands was concerned. At the time of my examination of this patient, I was under the impression that this job required a more violent force than what I witnessed. I was also informed that there are no other cases of employees that developed this condition while doing this type of work at the United States Playing Card Company. Normally this job should not produce any physical damage. In view of the type of work that the patient was doing, it appears that the patient may have injured her wrist elsewhere since her occupation was not strenuous or violent. The question as to whether there was a pre-existing condition prior to the onset of her symptoms is difficult to prove.

"Very truly yours,
"/s/ T. H. Vinke, M.D."

The regional board disallowed the appeal and Mrs. Alexander then appealed her claim to the Industrial Commission, where no new evidence was submitted; thereafter, the Industrial Commission allowed the claim of Mrs. Alexander as one for an occupational disease. The relator filed an application for reconsideration with the commission, which the commission subsequently denied.

The employer, United States Playing Card Company, a self-insurer under the workmen's compensation laws of Ohio, thereafter filed this action in mandamus against the Industrial Commission on the basis that the latter commission had abused its discretion in granting the instant award; that it had been denied due process of law in not being given a right to a hearing and a review of the employee's claim, in that initially the claim had been filed upon an injury claim form and the commission had considered and investigated the claim as being an injury claim rather than an occupational disease; and that the relator employer based its presentation and procedure upon such type of a claim rather than upon the procedure it would have used if an occupational disease had been claimed and processed. The relator employer further claims that it has been disadvantaged due to the fact that such an amendment of the nature of the claim from an injury to an occupational

disease allowance would, by virtue of the law, preclude the employer from a direct appeal to the Court of Common Pleas.

## I

There are, indeed, two different sections of law that would be applicable; one, if the claimant was relying upon an injury as received in the course of her employment, and, the other, if she indeed was relying upon and processing an occupational disease claim. "Injury" is defined in R. C. 4123.01(C), which is, in pertinent part, as follows:

"* * * [A]ny injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

The section of law providing for "all other occupational diseases" that would be particularly applicable to the present case, in that the injury claimed here is not one of those specifically enumerated in R. C. 4123.68, is that of subsection (BB) "all other occupational diseases," which is as follows:

"A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment."

Where an occupational disease has been claimed, proof as to the hazards and exposures of a particular employment and the history of the diseases in that particular employment would be critical. However, in an injury case, such evidence would not be necessary or even relevant. Therefore, it can be plainly seen from the statutory definitions that occupational diseases, insofar as proof is concerned, are considerably different from injuries, and parties to disease claims must prepare and present their cases in an entirely different fashion than in an injury claim.

In addition to the relatively different factors necessary to be presented by the parties to one or the other type of claim here, if such be determined to be an occupational disease, the Ohio statutes, most specifically section 4123.519, provide no direct appeal to a Court of Common Pleas in

an occupational disease claim. In such regard, see *Szekely* v. *Young* (1963), 174 Ohio St. 213.

We hold that the Industrial Commission of Ohio may not approve claims and grant awards where the parties have not had a full opportunity to meet the issues that should have been presented at any given stage of the hearings. In the instant case, the Ohio Industrial Commission granted the claim for occupational disease where in fact such had been filed and processed basically as a claim for injury and the employer, relator herein, had approached this claim on that basis, rather than one for an occupational disease, and in the process of the commission's granting the claim on the basis of an occupational disease, it denied this relator due process of law.

There being no right of appeal here, as granted by law for the finding by the commission the original action in mandamus would lie, and the Court of Common Pleas was not in error in granting a writ ordering appropriate proceedings on the claim as an "injury." The respondent's assignments of error are hereby overruled.

## II

The relator, United States Playing Card Company, cross-appeals from the judgment of the Court of Common Pleas and sets forth the following three assignments of error:

"1. The lower court erred in failing to find there was no evidence in the Bureau of Workmen's Compensation claim file to support the Industrial Commission's final order that the claimant sustained a compensable occupational disease in the course of her employment.

"2. The lower court erred in failing to vacate the final order of the Industrial Commission which allowed a claim for an occupational disease when the claim file contained no medical evidence to support the final order.

"3. The Ohio Industrial Commission grossly abused its discretion when it allowed a workmen's compensation claim as one for an occupational disease when there was no proof in the file to support the order."

We are in agreement with the assignments of error of

the cross-appellant. First, it would seem clear that the Industrial Commission quite clearly considered this claim to be one seeking benefits for an "occupational disease" rather than an "injury." We therefore must look to the record to see whether there is any evidence in support of the finding of the commission compensating the claimant for such a claimed occupational disease. Obviously, where a claim file contains *no* evidence to support the factual conclusion by the Industrial Commission that a claimant sustained an occupational disease, such finding must be considered to be an arbitrary finding and unsupported by fact, and in such determination the commission would have abused its discretion; mandamus, therefore, would lie. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9.

First, it may be stated that the claimed occupational disease "carpal tunnel syndrome" is not one of the specifically enumerated physical conditions which are recognized, within R. C. 4123.68(A) through (AA), as compensable occupational diseases. Further, it would appear that in the instant procedure of the employee, in her process of manufacturing playing cards, she was not subject to either harmful substance or a process. We then must look to R. C. 4123.68(BB) to determine whether the claimant might fall within such section defining "all other occupational diseases." The language of such section is as follows:

"All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment."

The Ohio Supreme Court, in the case of *State, ex rel. Ohio Bell,* v. *Krise* (1975), 42 Ohio St. 2d 247, has had occasion to construe this section, and held that an industrial disease is compensable thereunder only when the following criteria are found to exist:

"(1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its

manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally." (Page 253.)

The burden of establishing the fulfillment of all of the criteria as set forth in *Krise* is upon the claimant. That such is the duty of the claimant may be found within the language of the decision of the case of *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St. 2d 255, as follows:

"* * * [I]t appears that by enacting R. C. 4123.68, the General Assembly has recognized a circumstantial likelihood that a scheduled disease, accompanied by a scheduled process, constitutes a valid occupational disease claim, and that for other processes or diseases, claimants should be put to their proof in establishing the three criteria for 'other occupational diseases' contained in R. C. 4123.68(BB)." (Page 258.)

Upon a review of the record, it may be reasonably concluded that there was evidence in support of only one of the criteria, i.e., that the disease was contracted in the course of employment. There was some evidence on behalf of the claimant that she was "constantly striking" the edges of the cards in order to carry out her manufacturing process. However, there was no evidence to be found within the record which showed that the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation, or that the conditions of employment resulted in a hazard which distinguishes the employment in character from employment generally and, further, no proof that claimant's employment created a risk of contracting the disease in a greater degree and in a different manner than in the public generally.

We hold, therefore, that there was no probative evidence to support the commission's finding of an occupational disease, and that such finding was made in the absence of medical evidence being presented by medical ex-

perts; further we find that in so entering the order the commission grossly abused its discretion, and that such final order of the commission should be vacated. Therefore, as to the cross-claim of this relator, the assignments of error are hereby sustained and that part of the order of the Court of Common Pleas of Franklin County remanding the matter to the Industrial Commission for further consideration of this claim is hereby reversed. This court hereby modifies the judgment of the Court of Common Pleas and accordingly orders the respondent Industrial Commission to vacate its prior order, granting the applicant's claim as one for an "occupational disease," and to consider the claim as one for "injury."

*Judgment accordingly.*

WHITESIDE and McCORMAC, JJ., concur.