THE STATE, EX REL. REPUBLIC STEEL CORP., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Republic Steel, v. Indus. Comm. (1980), 61 Ohio St. 2d 193.]

(No. 79-820—Decided February 6, 1980.)

194

*Baughman & Associates Co., L.P.A.,* and *Mr. Jerry Kennemuth,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon H. Basch,* for appellee Industrial Commission.

*Mr. John R. Workman,* for appellee Shearer.

*Per Curiam.* Appellant alleges that the Industrial Commission abused its discretion by allowing the occupational disease claim involved in the instant cause. This court, however, has consistently held that mandamus will not lie where there is some evidence to support the finding of the commission. See *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128, 131; *State, ex rel. Davis,* v. *Indus. Comm.* (1979), 60 Ohio St. 2d 160, 161.

The claimant in this cause established compensability under R. C. 4123.68(BB), a residual definitional section dealing with non-scheduled occupational diseases. That section states: "All other occupational diseases: A disease peculiar to a particular industrial process, trade or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment." This court construed this section in *Ohio Bell Telephone Co.* v. *Krise* (1975), 42 Ohio St. 2d 247. It was held that a disease is compensable under that section where the following criteria are found to exist: "(1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner

than in the public generally." The Court of Appeals concluded that there was evidence to support the commission's finding and that all three criteria were established.

Appellant's primary argument is that one of the medical reports considered as evidence by the Industrial Commission should have been stricken from the record. It is further contended that without this report the second and third requirements established by *Ohio Bell Telephone Co.* v. *Krise, supra,* can not be supported by the record in this cause. Appellant specifically argues that only this report states that the claimant's condition was peculiar to his employment.

Assuming *arguendo* that this medical report, authored by a Dr. Johnathan Forman, should have been stricken, we still find adequate support in the record for the Industrial Commission's findings. While Dr. Forman's report was the only document that used the word "peculiar," other medical reports provide some evidence that claimant's chronic condition was peculiar to his work where he had a long exposure to dust, fumes and vapors, and that the claimant had a greater risk of contracting bronchitis and emphysema and in a different manner than did the public generally. For example, a report by Dr. Ernest P. Molchany stated that:

"This is to certify that Ralph A. Shearer suffers from chronic bronchitis and emphysema which render him totally disabled and unable to work.

"The end result of such an infirmity cannot possibly pinpoint the exact irritant. From the patient's history, however, he describes long exposure to cement dust which must, therefore, be presumed as the cause of his lung pathology."

Furthermore, a medical report by Dr. David L. Miller notes that claimant stated that he "was exposed to dust, smoke, brick dust, cement dust and 'all kinds of gases,' " and concludes by stating, "that this man is disabled because of broncho-obstructive disease, secondary to his work exposure and allergy."

In addition to this medical evidence, claimant's own affidavit and an affidavit of a co-worker corroborative of claimant's description of working conditions establish an exposure by claimant to "cement dust, cement cuttings***other contact with cement***silica dust, coal dust, brick dust, clay

dust, open hearth dust, steel dust, blast furnace dust, gas fumes, sulphur fumes, torch welding fumes, and other types of injurious fumes and dust," during his employment with Republic Steel. The affidavits further illustrate that this array of dust, fumes, and gases was encountered in claimant's position as a carpenter in repair and maintenance operations. Claimant's exposure to these various substances throughout the plant, by virtue of his special duties as a carpenter, clearly exceeded that to which the public, and employees in general, are normally subjected.

Accordingly, we find that there was some evidence to support the Industrial Commission's finding and that all the criteria established by *Ohio Bell Telephone* v. *Krise, supra,* were satisfied. The judgment of the Court of Appeals denying the writ of mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.