MULL, APPELLANT, *v.* JEEP CORPORATION ET AL., APPELLEES.

(No. L-83-256—Decided December 30, 1983.)

Mr. Michael Vanderhorst, for appellant.

Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell Herrold, Jr., and Mr. Roger Weiher, for appellee Jeep Corp.

CONNORS, P.J. This cause came on to be heard upon the record in the trial court. Each assignment of error was reviewed by the court and upon review the following disposition made:

This cause comes on appeal from a judgment of the Court of Common Pleas of Lucas County granting summary judgment in favor of appellees and affirming a decision of the Industrial Commission, finding that appellant did not suffer a compensable occupational disease. Appellant's appeal from the judgment of the trial court sets forth the following assignments of error:

"(1) As a matter of law, the trial court erred in granting summary judgment to the defendant-appellee on the issue of whether or not the plaintiff sustained a compensable occupational disease, where evidence shows that the plaintiff's exposure to an extraordinary amount of both physical and emotional stress and strain, by virtue of his special duties as union director of workers' compensation and safety, clearly exceeded that to which the public, and employees in general, are normally subjected.

"(2) As a matter of law, the trial court erred in granting summary judgment for the defendant-appellee on the issue of whether the trial court had jurisdiction to consider the plaintiff's claim that he sustained an injury in the course of and arising out of his employment so as to constitute a compensable industrial injury, as the sole issue before the trial court was whether the claimant-plaintiff was entitled to participate in the Workers' Compensation [Fund]."

As to the first assignment of error, the record indicates that appellant filed a claim for an occupational disease, stating the disease as a heart attack, and the cause thereof to be stress and strain due to his job. A district hearing officer disallowed appellant's claim. The Toledo Regional Board of Review vacated the decision of the hearing officer and allowed the claim. The Industrial Commission vacated the board of review's order and reinstated the order of the district hearing officer disallowing the claim. Upon appeal to the court of common pleas, summary judgment was granted in favor of appellees and the decision of the Industrial Commission was affirmed.

The statute pertinent to appellant's claim is R.C. 4123.68(BB), which states as follows:

"All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment."

The case law has developed the following criteria necessary to establish that a disease is compensable under R.C. 4123.68(BB):

"(1) The disease is contracted in the course of employment;

"(2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and

"(3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally." State, ex rel. Republic Steel, v. Indus. Comm. (1980), 61 Ohio St. 2d 193, 194-195 [15 O.O.3d 216]; State, ex rel. Ohio Bell Telephone Co., v. Krise (1975), 42 Ohio St. 2d 247 [71 O.O.2d 226]; Frigidaire v. Indus. Comm. (1976), 45 Ohio St. 2d 143 [74 O.O.2d 261].

In support of his claim, appellant filed the affidavit of a physician indicating that

appellant's heart attack was directly and proximately caused by his employment through the physical and emotional stress and strain associated with his job. In support of their motion for summary judgment, appellees submitted the affidavit of a physician indicating that heart attacks represent the most common illness of the Twentieth Century. The physician stated that factors increasing the risk of a heart attack include American nationality, male sex, being over the age of thirty-five, specifically persons in their fifties, obesity and, perhaps most important, a history of tobacco usage. The record indicates that appellant is an American male, fifty-five years old at the time of his heart attack, was slightly overweight, and had smoked at least a pack of cigarettes a day for over forty years. The affidavit submitted by appellees further indicated that heart attacks are not caused by employment conditions but arise from causes to which many, if not most persons in all walks of life, are exposed.

Construing the evidence in favor of appellant as required by Civ. R. 56, appellant has submitted evidence indicating that his heart attack was contracted in the course of his employment and that the stress and strain of his employment caused the heart attack. However, appellant has not submitted evidence indicating that his heart attack was peculiar to his employment by the characteristic of its manifestation or that his employment created a risk of contracting a heart attack in a different manner than in the public generally. Our examination of the record indicates that while stress and strain may be a factor contributing to a heart attack, all of us are exposed to varying degrees of stress and strain, both at work and at home. In this regard, the record does not indicate that the heart attack suffered by appellant was peculiar to his employment. We conclude that appellant failed to submit evidentiary materials which set forth specific facts showing that there were genuine issues

for trial. More specifically, appellant failed to submit evidence tending to satisfy the second and third requirements necessary to establish a compensable disease under R.C. 4123.68(BB). *Krise, supra.* Appellant's first assignment of error is not well-taken.

As to appellant's second assignment of error, the record indicates that appellant pursued his claim through the administrative process as an occupational disease. In filing his petition in the court of common pleas, appellant, for the first time, alleged that the heart attack was an "injury" as defined in R.C. 4123.01(C). Appellant's appeal to the court of common pleas was taken pursuant to R.C. 4123.519 which allows an appeal from a decision of the Industrial Commission and provides for a trial de novo in the court of common pleas. The overall scheme of the workers' compensation statutes provides that a given claim be heard and reviewed three times in the administrative process and, if an appeal is taken pursuant to R.C. 4123.519, also heard in the court of common pleas. This court has previously held that where an issue has not been raised and decided in the administrative process, the issue may not be raised for the first time on appeal to the court of common pleas. See *Lorene Scott* v. *Chevrolet Motor Division* (Dec. 9, 1983), Lucas App. No. L-83-272, unreported; *Linder* v. *Ford Motor Co.* (July 8, 1983), Lucas App. No. L-83-107, unreported. To allow a claimant or employer to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process.

While we do not believe that the principle that all issues must first be raised before the Industrial Commission should be extended to cover any and all procedural, evidentiary, or legal issues, said principle must apply to an issue as significant as the difference between an injury and an occupational disease. The statutory and case law have developed

clear guidelines to distinguish between the two. In contrast to the definitions of an "occupational disease" discussed *supra*, the definition of an "injury" is provided for in a separate statutory section (R.C. 4123.01[C]), and the law provides for a very different kind of analysis when considering an injury. See, *e.g.*, *Czarnecki v. Jones & Laughlin Corp.* (1979), 58 Ohio St. 2d 413 [12 O.O.3d 353]; *Bowman v. National Graphics Corp.* (1978), 55 Ohio St. 2d 222 [9 O.O.3d 159]; R.C. 4123.54.

In *State, ex rel. United States Playing Card Company, v. Indus. Comm.* (1976), 49 Ohio App. 2d 351 [3 O.O.3d 422], the court indicated that where a claim is filed as an injury claim, the employer is denied due process when the claim is thereafter granted as a claim for an occupational disease when the parties did not have a full opportunity to meet the issues relative to the occupational disease claim. Appellant quite correctly points out that when said case was decided, the allowance of the claim as an occupational disease, instead of an injury, prevented the employer from appealing to the court of common pleas and forced the employer to file an action in mandamus. While this factor was considered in the case, the court primarily relied on the fact that an injury and an occupational disease are defined differently, and indicated that the evidence necessary to prove one or the other claim differs significantly. We note the following statement from the case:

"We hold that the Industrial Commission of Ohio may not approve claims and grant awards where the parties have not had a full opportunity to meet the issues that should have been presented at any given stage of the hearings." *Id.* at 355.

In the case at bar, appellant's contention that his heart attack was an injury should have been presented in his initial claim so that the appellees would have had a full opportunity to meet said issue throughout the administrative hearings. Having failed to file a claim for an injury and pursue the same through the administrative process, we hold that appellant could not properly raise that issue for the first time in the court of common pleas. Accordingly, appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds that substantial justice was done the party complaining, and judgment of the Court of Common Pleas of Lucas County is affirmed. Case remanded for assessment of costs against appellant.

*Judgment affirmed.*

HANDWORK, J., concurs.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I disagree with the principal holding of the majority but, in addition, I strongly disagree with the decision that in an R.C. 4123.519 appeal (which provides for a trial de novo), appellant is barred from raising an R.C. 4123.54 (not R.C. 4123.01[C] as set forth in the majority decision) claim because he has proceeded through the administrative agency on the basis of an R.C. 4123.68 (BB) claim. The sole issue to be determined in an R.C. 4123.519 appeal to a court of common pleas is whether or not a claimant is entitled to participate in the Workers' Compensation Fund. Either side can present, at the trial de novo, any new claim or evidence that that side may have, no matter what claimant's theory or right to participate might be.

Accordingly, I would find appellant's first assignment of error well-taken on the basis that the hazard to which appellant was exposed was, under the facts of the case, peculiar to his employment and can be easily distinguished from employment generally. Likewise, I would find appellant's second assignment of error well-taken for the reasons set forth above.