**Young**
v.
**Mayfield**
*[Cite as 7 AOA 173]*

*Case No. 89-CA-29*
*Coshocton County, (5th)*
*Decided October 24, 1990*

*Stewart R. Jaffy and Renny J. Tyson, 306 East Gay Street, Columbus, Ohio 43215, for Plaintiff-Appellant.*

*Charles J. Kurtz, III and Diane C. Reichwein, 41 South High Street, Columbus, Ohio 43215, for Defendants-Appellees.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Coshocton County, Ohio, entered after a jury found that plaintiff-appellant, Deborah C. Young (employee), is not entitled to participate in workers' compensation benefits as a result of an injury allegedly incurred when employee was working for defendant-appellee, Columbus Southern Power Company (employer). Employee's claim had been allowed throughout the administrative proceedings.

Employee assigns three errors to the trial court:

"I. WHERE THE TESTIMONY OF A DEFENSE MEDICAL EXPERT OFFERED BY THE PLAINTIFF GOES TO THE ISSUE OF PROXIMATE CAUSE OF THE CONDITION ALLOWED (SOMATIC DYSFUNCTION OF THE LUMBAR SPINE) AND IS OFFERED BY THE PLAINTIFF TO SHOW THAT THE ALLOWED CONDITION RESULTED FROM THE WORK PERFORMED, IT IS RELEVANT AND THE COURT ERRED IN EXCLUDING IT.

"II. THE COURT ERRED IN RULING THE PLAINTIFF YOUNG HAD TO SPECIFICALLY RAISE THE ISSUE OF AGGRAVATION AT THE ADMINISTRATIVE LEVEL IN ORDER TO OFFER THE TESTIMONY OF A DEFENSE MEDICAL EXPERT THAT THE WORK PERFORMED CAUSED OR AGGRAVATED HER BACK.

"III. THE COURT ERRED BY EXCLUDING AN ENTIRE VIDEO-TAPED DEPOSITION RATHER THAN RULING ON INDIVIDUAL

OBJECTIONS, ON A THEORY THAT THE ADMINISTRATIVE AGENCY BELOW DID NOT CONSIDER 'AGGRAVATION."

Employee worked as a mechanic for employer for approximately five years. Employee's claim for compensation alleged that she had injured her lower back at work on or about March 30, while lifting and moving valves weighing between 80 and 150 pounds. The Industrial Commission allowed employee's claim for "somatic dysfunction of the lumbar spine." Employer apparently maintained throughout the administrative process and in the common pleas court that employee's injury was not job related.

During the administrative proceedings, employer had arranged for employee to be examined by Dr. J. Richard Briggs. Employee deposed Dr. Briggs and attempted to present that deposition at trial. The common pleas court excluded the entire deposition, and employee presented only her treating chiropractor to the jury.

All three of employee's assignments of error address the exclusion of Dr. Briggs' deposition, and we will address the assignments together.

Dr. Briggs deposed that when he examined the x-ray of employee's spine, he detected that she had a defect, called Spondylolysis, in her spine. That defect was asymptomatic until she over-stressed it, and then her low back pain began. Dr. Briggs confirmed that based upon the history employee had reported to him, the incident at work was the over-stressing factor. The doctor gave as his opinion that employee's injury resulted from her work.

Employer successfully argued to the common pleas court that the record of proceedings in the administrative hearing is devoid of any mention of aggravation of a pre-existing condition, and for this reason employee should not be permitted to raise this issue for the first time at the common pleas court.

Employee makes several arguments in support of her assertion that the deposition should have been admitted. First, employee argues that it is irrelevant whether this was an initial or an aggravated condition, so long as the proximate cause of either the initial stress or the aggravated stress was job related. Further, there is no requirement that the Industrial Commission must specifically find aggravation of a pre-existing condition for evidence as such

aggravation can be presented. Employee cites numerous cases which she contends support her position.

Employer replies that the right of appeal is a limited one here. To permit an employee to change her theory of the case from how it was presented in the administrative levels would be to circumvent the statutory scheme that provides for administrative procedures before a trial.

Employer asserts that the condition of Spondylolysis was not presented to the Industrial Commission, and that employee may not change her theory of the claim at the common pleas level. Employer cites case law in support of its position.

In the case of *Mull v. Jeep Corp.* (1983), 13 Ohio App. 3d 426, the claimant had filed his claim for occupational disease but at the common pleas level changed his claim to one for an occupational injury. The Lucas County Court of Appeals held that the claimant could not change his claim. Similar results were reached in *Kaltenbach v. Mayfield* (April 27, 1990), Pickaway App. No. 89-CA-10, unreported, and *Grant v. Glidden Coatings & Resin* (Aug. 23, 1985), Erie App. No. E-84-53, unreported.

We distinguish those cases for the reason that they deal with altogether new claims presented at the common pleas level. By contrast here, Dr. Briggs testified that he did not use the diagnosis "somatic dysfunction" because "basically it means a body that doesn't work right." (Dep. of Dr. Briggs, p. 14.) He testified, however, that his diagnosis of Spondylolysis is much the same as somatic dysfunction, but more specific. (Dep. at 18.)

In the case of *McManus v. Eaton Corp.* (May 15, 1988), Stark App. No. 7346, unreported, this court reviewed a similar situation, and held that there need not be a specific finding of aggravation in the Industrial Commission's findings. The Eaton Corporation argued that if McManus wished to litigate the issue of aggravation, then he should have appealed the order in order to clarify that the award was for aggravation, and not for an initial injury. This was in spite of the fact that the order was favorable to Mr. McManus. We added that the scope of the proceeding at the common pleas level was limited to the issue on appeal which, in *McManus* as here, was causation.

We find that employee did not attempt to change her theory of the case at the common pleas level, and that Dr. Briggs' opinion was

not based upon a new diagnosis, but rather, as he stated, on a very similar diagnosis with more specific terminology.

More problematic to us is employer's assertion that the trial court's error in excluding the evidence was not prejudicial. Employer presented evidence intended to show that employee had not brought her claim promptly, and that she had complained of backache upon arrival at work on the day in question. She had originally told her treating doctor that she had pain when she awoke that morning, and only some time after the treatment had progressed did she identify her back strain as job related. Employer urges that employee did not demonstrate proximate cause, and that Dr. Briggs' deposition, if admitted to the Jury, would not have added anything to her case-in-chief.

Employee maintained that she had been performing the same strenuous manual labor during the week preceding her injury. Our review of Dr. Briggs' deposition indicated that he was questioned regarding whether the injury had been a sudden occurrence or whether the preceding days work could have added to the stress that ultimately caused the onset of her condition. Dr. Briggs testified that his opinion, that the strenuous manual labor had caused her injury, would not change if he had been told by employee that she had experienced pain when she awoke on March 30 before she did the work. Dr. Briggs also testified that his expert medical opinion was based upon the employee's narrative history.

We hesitate to hold that a party is not prejudiced by the exclusion of expert medical evidence in support of their case-in-chief. Employee is required to prove her claim only by a preponderance of the evidence. We do not find that the evidence against her was so overwhelming as to demonstrate lack of prejudice to her case when this deposition was kept from the jury. This jury verdict was untested by interrogatories, and we decline to speculate why the Jury found as it did where the record is silent.

For this reason, we cannot say that the outcome would not have changed had the Jury had the benefit of Dr. Briggs' opinions.

The first assignment of error is sustained. The second assignment of error is overruled. The third assignment of error is overruled as moot.

For the foregoing reasons, the Judgment of the Court of Common Pleas of Coshocton County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with applicable law and not inconsistent with this opinion.

MILLIGAN, P.J., and GWIN, J., concur.