OPINION
{¶ 1} Defendant-appellant, AutoZone Inc., brings this appeal from an April 18, 2003 judgment of the Van Wert County Court of Common Pleas, in which it found in favor of plaintiff-appellee, Dennis Wyatt, granting him the right to participate in the benefits of the Ohio workers' compensation law.
 {¶ 2} On May 24, 2000, appellee, Dennis Wyatt ("Wyatt"), suffered an injury while employed at AutoZone, Inc. Wyatt was assisting a customer in the AutoZone parking lot to check the tail light on the customer's car. Wyatt knelt down to inspect the tail light, and upon standing up, felt a sharp pain in his lower back and upper hip. Wyatt was taken to the Van Wert County Hospital for treatment. By order of Wyatt's doctor, Wyatt was placed on light duty at AutoZone.
 {¶ 3} Wyatt filed a workers' compensation claim for the payment of his medical bills, which was contested by AutoZone, Inc. (hereinafter, "AutoZone"). The claim was ultimately allowed by the Industrial Commission of the State of Ohio. AutoZone, pursuant to R.C. 4123.512, appealed the decision of the Industrial Commission to the Van Wert County Court of Common Pleas.
 {¶ 4} After the deposition of Wyatt was taken, AutoZone filed a motion for summary judgment which was denied by the court on October 22, 2002. Wyatt and AutoZone then agreed to submit the case to the trial court for decision by way of deposition testimony and briefs filed by the parties. On April 18, 2003, the trial court issued its judgment entry and found in favor of Wyatt, granting him the right to participate in the benefits of Ohio workers' compensation law.
 {¶ 5} It is from this judgment that appellant appeals, setting forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in considering the decision of the industrialcommission.
 {¶ 6} AutoZone maintains that the trial court is required, but failed to ignore the underlying administrative proceedings and to consider only the evidence before it and the appropriate law when deciding an appeal from a ruling of the Industrial Commission.
 {¶ 7} R.C. 4123.512(D), in pertinent part, states that "the court * * * shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action." Or stated differently, when such a claim is appealed to the common pleas court, the court must consider the claim de novo, and in reaching its own conclusion, disregard the decision and rationale of the Industrial Commission. Iiams v. Corporate Support, Inc.
(1994), 98 Ohio App.3d 477, 479; See, also, Williams v. Harsco Corp.
(1994), 94 Ohio App.3d 441, appeal not allowed 70 Ohio St.3d 1441; andReed v. MTD Products, Inc., Midwest Industries (1996), 111 Ohio App.3d 451, appeal not allowed 77 Ohio St.3d 1472. Furthermore, in a de novo appeal of a workers' compensation matter to a court of common pleas, the Industrial Commission's findings become irrelevant, and unless the parties stipulate the evidence, it is error for the court of common pleas to rely upon the evidence presented before the Industrial Commission. Bishop v. Ohio Bur.of Workers' Comp., 146 Ohio App.3d 772, 2001-Ohio-4274, appeal not allowed 95 Ohio St.3d 1408.
 {¶ 8} In the case before us, however, there is no indication that the common pleas court looked to the Industrial Commission's findings as evidence in this case. Having reviewed the trial court's April 18, 2003 judgment entry, this Court finds that the common pleas court based its decision on the deposition testimony and the briefs submitted to it by the parties. Based upon our review of the deposition testimony and the briefs submitted in this case, it is clear that the trial court had competent, credible evidence to support its decision. The reference made to the Industrial Commission's decision at the beginning of the common pleas court's judgment entry merely sets forth the procedural history of the claim and indicates the result reached by the Industrial Commission. It is clear that after reciting the decision and the findings of the Industrial Commission, the common pleas court went on to independently review the evidence presented to it by the parties and made its own findings. The common pleas court did not rely on either the evidence previously presented to the Industrial Commission nor the report and decision as issued by the Industrial Commission. For example, the deposition of Wyatt states that he regularly assisted customers in the parking lot and also stated how the injury occurred. AutoZone did not offer any evidence to the common pleas court to refute the facts of the injury as presented by Wyatt. In fact, AutoZone concedes that the injury did in fact occur while Wyatt was working at AutoZone. The trial court, therefore, had before it competent credible evidence before it upon which to find in favor of Wyatt.
 {¶ 9} Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in finding that appellee Wyatt suffered an injuryin the course and scope of his employment and arising out of hisemployment.
 {¶ 10} AutoZone asserts that there existed no causal connection between Wyatt's alleged injury and his employment and that the trial court committed reversible error in finding that the alleged injury "arose out of" his employment at AutoZone. AutoZone concedes that Wyatt did suffer his alleged injury while working at AutoZone, but asserts that this does not meet the statutory requirement that the injury "arise out of his employment."
 {¶ 11} Section 35, Article II of the Ohio Constitution grants the authority to the General Assembly to establish a workers' compensation program and expressly provides that such compensation is the exclusive remedy of the employee who has been injured within the course of his employment. Walter v. AlliedSignal, Inc. (1999), 131 Ohio App.3d 253,259. For purposes of workers' compensation claims, R.C. 4123.01(C) "injury" "includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of,and arising out of, the injured employee's employment. Emphasis added.
 {¶ 12} In Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277, the Supreme Court of Ohio reaffirmed use of the Lord v. Daugherty (1981),66 Ohio St.2d 441, "totality of the circumstances" test to determine whether there exists a sufficient causal connection between injury and employment to justify a claimant's participation in the fund. That test requires primary analysis of the following facts and circumstances: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Id. at the syllabus; See, also, Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117.
 {¶ 13} Despite AutoZone's assertion that there existed no causal connection between Wyatt's injury and his employment, application of theLord factors to the present facts supports Wyatt's participation in the workers' compensation fund. It is undisputed that the injury occurred in the parking lot of the AutoZone store, that Wyatt was working at the time of the incident and under the control of AutoZone's management, and that AutoZone benefited from Wyatt assisting a customer outside of the store, which is a normal activity within the course of employment of an AutoZone employee.
 {¶ 14} AutoZone, however, maintains that Wyatt's injury was idiopathic, that he was merely standing up when the injury occurred and that his injury arose out of the physical condition of his hip. AutoZone argues that Wyatt's injury could have occurred anytime, anywhere, and therefore, there is no causal connection between the injury and his employment at AutoZone. As support for this argument, AutoZone cites several cases that involve injuries that occurred while on the job, but were determined to be idiopathic in nature which precluded the claimant from participating in the workers' compensation fund. For example, AutoZone relies on Childers v. Whirlpool (1995), 106 Ohio App.3d 52, wherein this Court held that because the claimant failed to demonstrate a causal connection between the claimant's employment and his heart attack, he was precluded from participating in the workers' compensation fund. The cases cited by AutoZone, however, are distinguishable from the case sub judice. In the cases cited by AutoZone, the claimants suffered injuries stemming from a pre-existing condition, or suffered injury from disease or illness not causally connected to their employment. In the case at bar, all three of the prongs of the Lord test favor a finding for Wyatt. There is no dispute that the injury occurred while Wyatt was acting within the course of his employment; a causal connection exists because the injury resulted from Wyatt returning from an awkward bent-over position; and Wyatt was in the bent-over position while assisting an AutoZone customer. Thus, we find that the trial court did not err in finding that Wyatt's injury arose out of his employment at AutoZone.
 {¶ 15} Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in denying the motion for summary judgment ofappellant, AutoZone, Inc.
 {¶ 16} As previously noted, AutoZone sought a motion for summary judgment prior to submitting the case to the common pleas court on the merits. AutoZone's motion for summary judgment was denied by the trial court. AutoZone asserts the trial court was in error in so doing.
 {¶ 17} It is well-established under Ohio law that a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687.
 {¶ 18} AutoZone's motion for summary judgment was based solely upon the deposition testimony of Wyatt and his version of how his alleged injuries occurred.
 {¶ 19} Even without any genuine issue of material fact, the trial court was correct in denying AutoZone's motion for summary judgment because the undisputed facts under the applicable law favor judgment for Wyatt, not AutoZone.
 {¶ 20} Accordingly, AutoZone's third assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Bryant, P.J., and Walters, J., concur.