STEELE, Appellee,

v.

CRAWFORD MACHINE, INC., Appellant; Bureau
of Workers' Compensation, Appellee.

[Cite as *Steele v. Crawford Machine, Inc.,* 184 Ohio App.3d 45, 2009-Ohio-2306.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–08–29.

Decided May 18, 2009.

Adam H. Leonatti, for appellee Trudi Steele.

J. Miles Gibson, for appellant.

Douglas Unver, for appellee Ohio Bureau of Workers' Compensation.

---

SHAW, Judge.

{¶ 1} Appellant, Crawford Machine, Inc. ("Crawford"), appeals from the October 21, 2008 judgment entry of the Crawford County Court of Common Pleas finding that appellee Trudi Steele is entitled to participate in the Workers'

Compensation Fund for the conditions of "bilateral carpal-tunnel syndrome," "bilateral wrist tendonitis," and "bilateral ganglion cysts of the wrists."

{¶ 2} This matter stems from Steele's application for workers' compensation benefits filed on September 27, 2004. Steele's application was based on her claim of hand and wrist issues that began occurring during her employment with Crawford. Steele testified that previous employment had caused some problems with her thumbs, but that carpal tunnel had been specifically ruled out when thumb pain arose in 1994. Steele testified that she had surgery to treat the thumb problems, and then did not have any subsequent trouble with her hands until she began employment with Crawford.

{¶ 3} Steele began employment with Crawford in June 2004. It appears that during the time Steele was employed by Crawford she primarily worked on the "thread sealer." The thread-sealer work was very repetitive and involved a lot of repeated hand motions.

{¶ 4} Several weeks into her employment with Crawford, Steele began experiencing numbness and tingling in her fingers and wrists. Steele testified that this sometimes caused her to drop parts. In September 2004, Steele also began to develop bumps on her wrists.

{¶ 5} On September 24, 2004, Steele sought treatment from Dr. Mei Chiew–Lai. Dr. Lai evaluated Steele's condition and diagnosed her as having carpal-tunnel syndrome, bilateral tendonitis, and bilateral ganglion cysts. Based on the repetitive nature of Steele's work at Crawford, Dr. Lai believed that Steele's conditions were caused by her employment. When Steele filed her original claim, Dr. Lai was the diagnosing physician on the claim.

{¶ 6} Steele's claim was disallowed in an order dated November 22, 2004. Steele appealed the decision on December 3, 2004. On January 5, 2005, the matter was heard before a district hearing officer who also denied Steele's claim.

{¶ 7} A hearing was held before a staff hearing officer on February 10, 2005. The staff hearing officer allowed Steele's claim based on "bilateral carpal-tunnel syndrome," "tendonitis both wrists," and "ganglion cysts at both wrists." Crawford appealed on February 23, 2005, and the decision of the staff hearing officer was affirmed.

{¶ 8} An appeal was taken to the Crawford County Court of Common Pleas. A bench trial was held on September 23, 2008, with the trial court finding that Steele was entitled to participate in the Workers' Compensation Fund for the conditions of "bilateral carpal-tunnel syndrome," "bilateral wrist tendonitis," and "bilateral ganglion cysts of the wrists."

{¶ 9} Crawford now appeals, asserting a single assignment of error.

## ASSIGNMENT OF ERROR

It was error to consider both injury and occupational disease theories in the trial of this matter.

{¶ 10} In its sole assignment of error, Crawford argues that the trial court erred in considering both occupational-disease and injury theories in determining Steele's right to participate in the workers' compensation system.

{¶ 11} An appeal from the Industrial Commission to a trial court under R.C. 4123.512 regarding a claimant's right to participate in the workers' compensation scheme requires a de novo determination of matters of law and fact. *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 42, 16 OBR 520, 476 N.E.2d 658, citing *Swanton v. Stringer* (1975), 42 Ohio St.2d 356, 359, 71 O.O.2d 325, 328 N.E.2d 794; *Wyatt v. Autozone, Inc.*, 3d Dist. No. 15–03–05, 2003-Ohio-6706, 2003 WL 22939675, ¶ 7. Therefore, the Rules of Civil Procedure apply and the trial court must disregard the Industrial Commission's decision and rationale. *Snyder v. Ford Motor Co.*, 3d Dist. No. 1–05–41, 2005-Ohio-6415, 2005 WL 3274868, ¶ 30; *Wyatt*, 2003-Ohio-6706, 2003 WL 22939675, at ¶ 7.

{¶ 12} Upon further appeal, review of the trial court's decision is limited, and "[i]f the evidence before that [trial] court is sufficient to support the result reached, [the reviewing] court will not substitute its judgment." *Oswald*, 16 Ohio St.3d at 42, 16 OBR 520, 476 N.E.2d 658, quoting *Swanton*, 42 Ohio St.2d at 359, 71 O.O.2d 325, 328 N.E.2d 794; *Iiams v. Corporate Support, Inc.* (1994), 98 Ohio App.3d 477, 480–481, 648 N.E.2d 902.

{¶ 13} In the present case, Crawford's sole assignment of error does not call into question the trial court's determination of the factual issues in this case. Instead, Crawford argues that the trial court erred in considering both occupational-disease and injury theories when determining whether Steele had a right to participate in the Workers' Compensation Fund.

{¶ 14} R.C. 4123.54 provides that "every employee, who is injured or who contracts an occupational disease," with some exceptions, has the right to participate in the workers' compensation system. However, the workers' compensation system typically differentiates how it treats injury and occupational disease. R.C. 4123.01 provides definitions of both "injury" and "occupational disease." Moreover, significant case law has developed distinguishing how injury and occupational disease are treated. See *Phillips v. Ingersoll–Humphryes Div., Borg–Warner Corp.* (1972), 32 Ohio St.2d 266, 61 O.O.2d 493, 291 N.E.2d 736; *Johnson v. Indus. Comm.* (1955), 164 Ohio St. 297, 58 O.O. 90, 130 N.E.2d 807.

{¶ 15} In the present case, Crawford relies on *Mull v. Jeep Corp.* (1983), 13 Ohio App.3d 426, 13 OBR 514, 469 N.E.2d 923, for the proposition that an injured

worker cannot raise one theory, either occupational disease or injury, in her original claim and another on appeal. In *Mull,* the Sixth District Court of Appeals considered the issue as follows:

> The overall scheme of the workers' compensation statutes provides that a given claim be heard and reviewed three times in the administrative process and, if an appeal is taken pursuant to R.C. 4123.519, also heard in the court of common pleas. This court has previously held that where an issue has not been raised and decided in the administrative process, the issue may not be raised for the first time on appeal to the court of common pleas. See *Lorene Scott v. Chevrolet Motor Division* (Dec. 9, 1983), Lucas App. No. L–83–272 [1983 WL 2316], unreported; *Linder v. Ford Motor Co.* (July 8, 1983), Lucas App. No. L–83–107, unreported. To allow a claimant or employer to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process.

> While we do not believe that the principle that all issues must first be raised before the Industrial Commission should be extended to cover any and all procedural, evidentiary, or legal issues, said principle must apply to an issue as significant as the difference between an injury and an occupational disease. The statutory and case law have developed clear guidelines to distinguish between the two. In contrast to the definitions of an "occupational disease" discussed *supra,* the definition of an "injury" is provided for in a separate statutory section (R.C. 4123.01[C] ), and the law provides for a very different kind of analysis when considering an injury.

*Mull,* 13 Ohio App.3d at 428–429, 13 OBR 514, 469 N.E.2d 923.

{¶ 16} The *Mull* court went on to find that the claimant could not raise the theory of injury for the first time before the trial court when the claimant had pursued her claim under an occupational-disease theory during all prior administrative proceedings. See also *Bellinger v. Silver Lake* (Dec. 29, 1993), 9th Dist. No. 16240, 1993 WL 548766; *Faulkner v. Conrad* (Feb. 5, 1999), 2d Dist No. 17277, 1999 WL 89930; *Kaltenbach v. Mayfield* (Apr. 27, 1990), 4th Dist. No. 89–CA–10, 1990 WL 54857.

{¶ 17} In the present case, the evolution of Steele's complaint makes it difficult to determine whether she was pursuing her claim under a theory of injury or occupational disease. The claim was initiated on a form that reads, "First Report of an Injury, Occupational Disease or Death." This appears to be a standard form utilized by the Bureau of Workers' Compensation. However, there was no place on this form to indicate whether Steele was pursuing her claim under a theory of occupational disease or injury.

{¶ 18} The next document in the record before this court is "correspondence" disallowing her claim based on three conditions: carpal-tunnel syndrome, enthesopathy, and ganglion cysts. This documents states that the claim type was occupational disease. However, nothing in the record before this court indicates who made that determination, whether it was a designation of the Bureau of Workers' Compensation, or whether that was a theory chosen by Steele. Moreover, the description of evidence appears to indicate that this claim was pursued under both injury and occupational-disease theories as follows: "Review dated 11–14–04 by Dr. Barton that in his opinion * * * there was no injury and the development of these condition [sic] in such a short order and with such a variety of job [sic] is not supported as being work related."

{¶ 19} The decision of a district hearing officer came after the initial correspondence, and stated the relevant issue as "injury or occupational disease allowance." Moreover, the decision of the district hearing officer provides as follows:

It is the order of the District Hearing Officer that the claimant did *NOT* sustain an industrial injury or contract an occupational disease in the course of and arising from her employment duties with the named employer.

* * *

The District Hearing Officer presently finds insufficient evidence in which to support the claimant sustained an industrial injury or contracted an occupational disease as a result of her alleged work activities.

{¶ 20} The district hearing officer's decision was then reviewed by a staff hearing officer, who also stated the relevant issue as "injury or occupational disease allowance." The staff hearing officer made the following finding: "It is the finding of the Staff Hearing Officer, that the injured worker contracted an occupational disease in the course of and arising out of employment * * *."

{¶ 21} Crawford subsequently filed an appeal of the staff hearing officer's decision. The appeal was refused, but the refusal decision still stated the issue as "injury or occupational disease allowance."

{¶ 22} During the September 23, 2008 hearing before the trial court on Steele's claim, a preliminary issue was raised concerning whether Steele could proceed on both injury and occupational-disease theories, or whether she was limited to pursuing only an occupational-disease theory at trial because that was the basis of the allowance of her claim. The trial court took a brief recess to consider this issue and then found as follows:

Well, I think there is a distinction what the—between what the Bureau allowed and what they pursued. My finding [sic] she pursued both in the administrative action. She should not be precluded at this time just because it was

allowed for one. I'm going to grant your motion. You may proceed on both claims, okay.

{¶ 23} Looking at the evolution of this case leading up to the proceeding at the trial court, we find that the evidence indicates that Steele pursued both an occupational-disease claim as well as an injury claim in the administrative proceedings before the Bureau of Workers' Compensation. It appears, from the decisions of the district hearing officer and the staff hearing officer and the Industrial Commission's refusal of Crawford's appeal, that at each of those junctures, both theories were considered. Moreover, there is nothing contained in Steele's original claim to distinguish what theory she was proceeding on. It even appears that Dr. Barton, the doctor appointed by the Bureau of Workers' Compensation, considered both injury and occupational disease when evaluating Steele's condition. Therefore, this court can only conclude from the record before us that Steele pursued both theories in the administrative process. Accordingly, we cannot find that the trial court erred in allowing Steele to proceed on both injury and occupational-disease theories.

{¶ 24} Moreover, we find that the trial court did not err in failing to determine in its evaluation of the facts of the present case whether Steele's allowed conditions were injuries or occupational diseases. The trial court stated in its entry that "[t]he evidence adduced during the trial of this matter demonstrates that Ms. Steele suffered an injury and/or contracted an occupational disease in the course of and arising out of her employment with the Defendant Crawford Machine, Inc." The trial court then addressed each specific condition for which it found that Steele was entitled to participate in the workers' compensation system and the evidence supporting each claim.

{¶ 25} After reviewing the evidence, the trial court concluded that "[r]egardless of whether this claim is analyzed as an 'injury' or an 'occupational disease,' the evidence clearly demonstrates that Ms. Steele's repetitive work activities with Crawford Machine, Inc. cause her Bilateral Carpal Tunnel Syndrome, Bilateral Wrist Tendonitis, and Bilateral Wrist Ganglion Cysts."

{¶ 26} Therefore, we conclude that the trial court properly analyzed both the theories of occupational disease and injury and found that Steele was entitled to participate in the workers' compensation system under both theories. Accordingly, Crawford's assignment of error is overruled.

{¶ 27} Based on the foregoing, the October 21, 2008 judgment entry of the Court of Common Pleas, Crawford County, Ohio finding that Steele is entitled to participate in the Workers' Compensation Fund is affirmed.

Judgment affirmed.

Preston, P.J., concurs.

Rogers, J., dissents.

Rogers, Judge, dissenting.

{¶ 28} I respectfully dissent from the opinion of the majority. Regardless of how claimant/appellee pursued her claim, the claim was allowed as an occupational disease. Crawford appealed the allowance of an occupational disease. The procedure for a workers' compensation appeal to a trial court requires the claimant to file the "complaint" with the trial court, even when the employer files the notice of appeal. In this case, the claimant was limited in her complaint to the issues appealed by Crawford, and that was the allowance for an occupational disease. If the claimant/appellee had desired to appeal the fact that there was no allowance for an industrial injury, she was required to file a cross-appeal. There being no cross-appeal, it was error to consider an industrial injury at trial. I would reverse and remand for a new trial.