THE STATE, EX REL. GENERAL MOTORS CORP., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. General Motors Corp., v. Indus.
Comm. (1975), 42 Ohio St. 2d 255.]

(No. 74-203—Decided May 7, 1975.)

*Messrs. Baughman, Hayes, Savidge & Willacy* and *Mr. Thomas P. Hayes,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. Robert L. Holder,* for appellee Industrial Commission.

*Messrs. Rollins & Mosesson* and *Mr. N. D. Rollins,* for appellee Esther Sneperger.

WILLIAM B. BROWN, J. R. C. 4123.68, in pertinent part, provides:

"Every employee who is disabled because of the contraction of an occupational disease as defined in this section, or the dependent of an employee whose death is caused by an occupational disease as defined in this section, is entitled to * * * compensation * * *.

"The following diseases shall be considered occupational diseases and compensable as such when contracted by an employee in the course of his employment in which such employee was engaged at any time within twelve months previous to the date of his disablement and due to the nature of any process described in this section.

"SCHEDULE

"Description of disease or injury and description of process:

"* * *

"(K) Infection or inflammation of the skin on contact surfaces due to oils, cutting compounds or lubricants, dust, liquids, fumes, gases, or vapors: Any industrial process involving the handling or use of oils, cutting compounds or lubricants, or involving contact with dust, liquids, fumes, gases, or vapors.

"* * *

"(BB) All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subject-

ed or exposed outside of or away from his employment."

Appellant states its basic position as "* * * to be entitled to benefits under * * * [R. C. 4123.68 (BB)] the specific disease [contact dermatitis] must not be covered elsewhere in the statute." Appellant cites as authority therefor *State, ex rel. Superior Foundry,* v. *Indus. Comm.* (1959), 168 Ohio St. 537, and argues that the disease is "covered" by subsection (K), *supra.* We disagree for several reasons.

First, although it may be argued that contact dermatitis is included within the disease or injury description of subsection (K), the description of the *process* (which follows the colon, *supra*) in no way relates to the *process* involved in this case. Paragraph two of R. C. 4123.68 requires that the disease be *"due to the nature of any process described * * *."* (Emphasis added.)

Secondly, appellant's reliance upon *State, ex rel. Superior Foundry, supra,* is wholly misplaced because the question there presented was: From the last date of employment until the contraction of silicosis, did the time period which is specified in paragraph two of R. C. 4123.68 (12 months) control, or did the time period specified in the subsection dealing specifically with silicosis (8 years) control? This court merely held that the specific *time* provision for silicosis controlled the time provision specified for occupational diseases generally.

Thirdly, it appears that by enacting R. C. 4123.68, the General Assembly has recognized a circumstantial likelihood that a scheduled disease, accompanied by a scheduled process, constitutes a valid occupational disease claim, and that for other processes or diseases, claimants should be put to their proof in establishing the three criteria for "other occupational diseases" contained in R. C. 4123.68 (BB).

Accordingly, this court holds that where a claimant alleges contracting an occupational disease which is non-scheduled in R. C. 4123.68, or which is scheduled but not alleged to be due to the nature of any process described in

the same subsection, then recourse may be had to subsection (BB) for an award of compensation.

Assuming, *arguendo*, that R. C. 4123.68(BB) was the proper subsection to apply in this case, appellant next argues that the commission misapplied its provisions as a matter of law. Based upon the record in this case and the decision announced this day in *State, ex rel. Ohio Bell Telephone Co.*, v. *Krise* (1975), 42 Ohio St. 2d 247, this court refuses to disturb the findings and decision of the Industrial Commission. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.